## WM. W. HARTSHORN *vs.* BRACE & GRAVES.

Where the indorsers of a note lying under protest, in a bank, consent that a third person shall advance the money to pay the note, without canceling the same, and hold it, against them, as his security, for a specified time, and such person accordingly advances the money, and takes up the note, it will be a valid and subsisting obligation in his hands, against both the indorsers and makers.

And although the bank be wholly without authority to transfer the note to a third person, yet the indorsers, having consented that the bank might transfer it, and that the person taking it up might hold it as an obligation against them, if he would pay it, and he having advanced his money, on the faith of such consent, the indorsers will be estopped from alleging a want of authority in the bank to transfer the note.

APPEAL from a judgment of the Yates county court. The action was commenced before a justice of the peace, upon a promissory note made by H. Wood and J. H. Bruen and indorsed by the defendants. The note was dated April 15, 1854, and was for the payment of $207, four months after date, at the Yates County Bank. The sum of $190 was indorsed as paid on the 27th of September, 1854. Wood and Bruen, the makers, were also sued, with the indorsers, but did not appear. On the trial before the justice, the execution of the note, and the indorsement thereof by the defendants, was proved; also protest and notice thereof. The following indorsements appeared to have been made on the back of the note, but were erased when the note was produced: "Stokes & Brother—Pay W. M. Oliver, cashier, or order. J. E. Williams, V. P." It appeared that the note was sent by the Metropolitan Bank in the city of New York, to the Yates County Bank, for collection. Isaac W. Hartshorn testified that he had seen the note before, and had it in his possession; that a day or two after the same was protested, H. Wood came to him and told him that he and Bruen had a note in the bank, indorsed by Brace & Graves; that they (Brace & Graves) wanted the money, and were in a hurry for it, and that the makers, Wood and Bruen, were not able to pay it, but Wood was confident they would be, within ten days; that Wood wished the witness to purchase the note and hold it as his security, for the term of ten days, when they would be able to

Hartshorn *v.* Brace.

pay it; that the witness went and saw Brace & Graves and told them what Wood had requested; that they desired him to purchase the note, and take it from the bank, and hold the same against them and Wood & Bruen, and they would continue responsible on it; or they (B. & G.) would have a new note made, on which they would be responsible, just as the witness preferred; that the witness then went to the bank, paid the amount due upon the note, and obtained possession of the same; that he got the note as it was, at the time of the trial, except the indorsement of Oliver; the indorsement of the names on the back of the note were erased before he got it; the indorsement of $190 paid on the note was made by the witness after he got the note, and Wood & Bruen paid that sum to him. During the period of ten days that Wood & Bruen wanted witness to wait, he was in Brace & Graves' store and they requested him to see that Wood & Bruen paid it within the ten days, they did not want it to run along, longer than could be helped. Wood & Bruen did not pay it within the ten days; witness told Wood & Bruen they must not let it run over the ten days; Wood thought Brace & Graves notional in the matter, and said he would see them and get them to put it off a little longer—would satisfy them so they would rest easy; witness called on Brace or Graves again, and he said he had no objections to its running along a little longer. This was within the ten days. They were willing to stand responsible on the note a little time longer; that witness need not sue it. The payment on the note was made after this; witness afterwards sold the note to his brother William, the plaintiff, before this suit was commenced. Peter S. Oliver, the bookkeeper in the bank, testified that he knew of the payment of the note, at the bank; that it was paid on the 19th of August, 1854, in full, by Isaac W. Hartshorn; witness ran the pen through the indorsements on the back of it, the day it was paid. The last indorsee on the note was Wm. M. Oliver, and the last indorser was J. E. Williams. He was the vice president of the Metropolitan Bank in New York city. He was the financial officer, whose business it was to transmit paper of that kind. The Yates County Bank got the note from the Metropolitan Bank of New York

city. That witness had an order in his possession written by Brace & Graves. This was in the handwriting of one of the firm. It was on the authority of this paper that the note was delivered up to Hartshorn. This order was as follows:

" Cashier, Yates Co. Bank: Please allow Messrs. Wood & Bruen to take up the note on which we are indorsers, without canceling the same, and without striking out our names.

Yours,        BRACE & GRAVES."

That the note was not discounted at the Yates County Bank, but was sent to them for collection; that the money paid upon the note was remitted to the Metropolitan Bank; that Brace & Graves had no interest in the note, except as indorsers. Hartshorn came in with Wood to pay the note, and the witness commenced scratching off the names on the note, and Hartshorn objected to his scratching off Brace & Graves' names; witness objected to deliver up the note unless he erased Brace & Graves' names, or he brought the order for the note; that Hartshorn would not take the note unless Brace & Graves would remain responsible, and the witness would not let the note go without the order.

The justice rendered a judgment in favor of the defendants, and on appeal to the county court of Yates county, the judgment was affirmed. The plaintiff then appealed to this court.

*S. H. Welles,* for the appellant.

*D. J. Sunderlin,* for the respondents.

*By the Court,* JOHNSON, J. The only question of any importance in this case, is whether the defendants were discharged from their liability as indorsers, by the act of Isaac W. Hartshorn, when he advanced the amount to the Yates County Bank, and took the note. This would undoubtedly have operated as a payment of the note, so far as the defendants were concerned, had it been done without their assent. The law would have presumed a payment as to them, especially as the Yates County

Bank held the note for collection merely. (*Burr* v. *Smith,* 21 *Barb.* 262.)

But the evidence is clear, on both sides, and entirely without conflict, that the defendants consented that said Hartshorn might advance the money without canceling the note, and hold it against them as his security, for a certain time. Hartshorn refused to advance the money without such an agreement, on their part, and the bank refused to surrender the note without erasing their names, until they were authorized in writing, by the defendants, to do so. There can be no question therefore as to the fact, and the justice must have determined the matter as a question of law.

As a question of law, upon these facts, there can be no doubt that the note was a valid subsisting obligation, in the hands of Hartshorn, after it came to his hands in the manner it did, against both the makers and these defendants as indorsers ; because, if we concede fully that the Yates County Bank was wholly without authority from the Metropolitan Bank to transfer the note to a third person, the defendants are in a position which estops them from denying the authority. Having consented that the holder might transfer it, and that J. W. Hartshorn might hold it as an obligation against them, if he would advance the money and take it up, and he having acted and advanced his money, on the faith of such assent, they cannot now be heard to allege a want of authority in the holder, to transfer the note. In any aspect, the Yates County Bank had sufficient authority to bind the defendants, by a transfer. It had the authority of the defendants themselves, if it had not that of the Metropolitan Bank, and that is good as against them.

It is claimed by the defendants that the justice found as a conclusion of fact, that the note was paid, and that the defendants did not agree that it might continue good as against them in the hands of Hartshorn. But if he did, it is entirely against all the evidence, and the judgment should be reversed for that reason.

The agreement, however, was fully proved, and is to have a reasonable interpretation. The liability of the defendants as

indorsers was fixed, and it seems to me the meaning and inten‑ tion of all parties was merely to extend the time of payment on the note ten days, for the benefit of the indorsers as well as the makers.

The judgment of the county court and of the justice should therefore be reversed.

[MONROE GENERAL TERM, September 7, 1857. *Johnson, Welles* and *T. R. Strong,* Justices.]