The United States, Appellants, *v.* Constance LeBlanc, Modeste LeBlanc, Louis LeBlanc, Aspasia LeBlanc, Joseph Leon and Raphael Broissard, legal Representatives and Heirs at law of Pierre LeBlanc, deceased.

A paper, offered as a grant from the Spanish authorities for some land in Louisiana, decided to be incomplete and nothing more than the preamble to Spanish grants.

Moreover, there is no evidence that the claimants are the heirs of the grantee, nor that any one claiming under him ever took possession or exercised any act of ownership from 1777 to 1846.

This was an appeal from the District Court of the United States for the Eastern District of Louisiana, being a land case arising under the acts of 1824 and 1844.

The claimants presented in the District Court a paper, of which the following is a translation :

" Don Bernardo de Galvez, Colonel, &c. Having seen the

foregoing proceedings, performed by the commandant of At-
tacapas, Don Alexander Declobet, respecting the possession
which he had given to Peter LeBlanc, of ten arpens of front
on the great prairie, with the depth of forty-two, bounded on
one side by the lands of Louis Roque, and on the other by va-
cant lands, and recognizing these proceedings as regular, and
that the concession of these lands can be made without injury
to others, not having been claimed, but the proceedings acqui-
esced in on the part of those assisting in them; approving as
we do approve, and using, &c. New Orleans, 5th of January,
1777. Don Bernardo de Galvez, by order of his Lordship, Don
Joseph Foucher."

"*Register's Office*, New Orleans, La.

I, Louis St. Martin, Register of the Land-Office at New Orleans,
Louisiana, do hereby certify the foregoing document to be a
true copy, taken from one of the records of my office, entitled
' Libro 1 of French and Spanish Concessions.'

In faith whereof I hereunto subscribe my name, this 18th day
of May, 1849.

(Signed)                     L. St. Martin, *Register.*"

Upon this document, the District Court confirmed the claim,
and the United States appealed.

It was argued by *Mr. Crittenden*, (Attorney-General,) for the
United States, and by *Messrs. Jain* and *Taylor* for the appellees.

Mr. Chief Justice TANEY delivered the opinion of the court.

This claim appears to be a groundless one. The paper pro-
duced is a copy, certified by the Register of the Land-Office at
New Orleans, to have been taken from one of the records of his
office entitled " Libro 1 of French and Spanish Concessions."
The paper as certified is nothing more than the preamble usually
inserted in Spanish grants where a perfect and absolute title is
intended to be given as contradistinguished from the order of
survey or first concession. And at the end of this preamble is
an &c., without any words of concession or grant, and this &c.
is followed by the date, New Orleans, 5th of January, 1777, and
the names of Don Bernardo de Galvez, by order of his Lord-
ship, Don Joseph Foucher.

It is not suggested that there has been any mutilation of the
record, and the paper certified manifestly contains all of the in-
strument that was ever written in the record-book, and upon the
face of it, from the manner in which it terminates with an &c.
at the place where the granting clause usually begins; and from

the unusual manner, also, in which the names of Galvez and Foucher are arranged in the certified copy, it looks much more like a formula written in a record-book for the direction of clerks in making out for signature an absolute and perfect grant, than like a paper intended to convey the title to land. And moreover there is no evidence that the petitioners are the heirs of Pierre LeBlanc named in the paper which is claimed to have been a grant to him; no evidence that he or those claiming under him ever took possession or exercised any act of ownership over it; and no evidence that any right or title was ever claimed to it, by Pierre LeBlanc or any one claiming under him, from the year 1777, when the paper bears date, down to June 16, 1846, when this petition was filed, being a period of sixty-nine years.

The decree of the District Court must be reversed, and a mandate issued directing the petition to be dismissed.

## Order.

This cause came on to be heard on the transcript of the record, from the District Court of the United States for the Eastern District of Louisiana, and was argued by counsel. On consideration whereof, it is now here ordered, adjudged and decreed by this court, that the decree of the said District Court in this cause be, and the same is hereby, reversed and annulled, and that this cause be, and the same is hereby, remanded to the said District Court, with directions to dismiss the petition of the claimants.