Staring agt. Jones and Caleb.

# SUPREME COURT.

Adam L. Staring agt. Elijah Jones and Elijah H. Caleb.

Nothing short of a *written notice* of the *judgment served* upon the opposite party, or his attorney, will limit the time in which to *appeal*. *Actual knowledge* of the entry of the judgment, by the opposite party or his attorney, will not supersede the written notice.

An *appeal* from a judgment entered upon the report of a referee does not operate to *stay execution* without the undertaking provided by the Code, unless a judge of the court so order.

On a motion to set aside an execution, and for a stay of proceedings pending an appeal, where a judgment has been entered without a written notice served, it seems that the requisite undertaking to stay may be given.

*Steuben Circuit and Special Term, May, 1856.*

The action was tried before a referee, and judgment entered on his report on the first day of March, against the defendants for $678.

On the same day, the attorneys for the parties entered into a stipulation, as the affidavit of one of the defendants states, providing that the defendants should have forty days to prepare and serve a case, or bill of exceptions, on appeal to the general term, and that all proceedings on the judgment should be stayed on such appeal, until the decision of the general term thereupon, and that the plaintiff have the same time to propose amendments, &c. The affidavit of one of the plaintiff's attorneys, and who signed the stipulation, denies expressly that the time therein mentioned was forty days, and states positively that it was thirty days; and denies that he ever signed any stipulation, giving forty days to serve the case or bill of exceptions. It states further, that the word has been altered from *thirty* to *forty*, since he gave the stipulation, and without the consent of either of the plaintiff's attorneys. The stipulation is not produced. It was filed in the clerk's office of Chemung county on the 8th of April, and after the question arose whether it was thirty or forty days.

On the 2d of April, the plaintiff's attorneys issued an execution upon the judgment and delivered same to a deputy of the sheriff of Chemung for collection. No written notice of the judgment has been given.

On the 7th of April notice of appeal and copy bill of exceptions were served by defendants' attorneys on plaintiff's attorneys, a copy of the notice of appeal having been previously filed with the clerk of Chemung county.

The motion by the defendants is to set aside the execution, and that proceedings be stayed, &c., until the decision of the appeal, and that the defendants have liberty to perfect the ap peal, &c., or for such other order, &c.

BROOKS & TOMLINSON, *for defendants.*
CHRISTIE & CURTIS, *for plaintiff.*

WELLES, Justice. The stipulation upon which the defendants rely, must be laid out of view. So far as it could, by possibility, aid them, it is flatly denied. It is not produced, and no sufficient reason is given for not producing it. It is not a paper belonging to the files of the clerk's office, and it was unnecessarily placed there after the dispute arose respecting its contents.

The notice of appeal was not served upon the plaintiff's attorneys until after they had issued their execution. The execution was, therefore, regular. The defendants' appeal, however, is regular, and in time. There has been no written notice of the judgment served upon the defendants or their attorneys. Nothing short of this will limit the time in which to appeal. Actual knowledge of the entry of the judgment, by the defendants or their attorneys, will not supersede the written notice.

The motion to set aside the execution must be denied, with seven dollars costs.

The application to stay proceedings until the decision of the appeal by the general term, is also denied.

An appeal from a judgment entered upon the report of a referee does not operate to stay execution, without the under-

taking provided by the Code, unless a judge of the court so order. Nothing appears in these papers to justify such an order. (*Code*, § 348.)

I incline to the opinion that the defendants may now give the requisite undertaking, and thus stay the plaintiff's proceedings. The defendants may have ten days to serve a case or bill of exceptions, and the plaintiff thirty days to propose amendments.