## SUPREME COURT.

VALTON and ADAMS agt. THE NATIONAL LOAN FUND LIFE ASSURANCE SOCIETY.

An *appeal* by defendant from an *order denying a motion for a new trial,* without an order to stay plaintiffs' proceedings, or by giving such security as makes the appeal a stay, does not preclude the plaintiff from entering a regular *judgment.* But the entry of judgment does not affect the appeal from the *order.*

The general term decision of affirmance on such an appeal is itself appealable to the court of appeals, just as well as if no judgment had been entered; and a *reversal* by the latter court of the decision of the general term would be a decision *granting a new trial,* and an order would then be required to stay proceedings on the judgment in chief.

A *motion* by plaintiff to *stay proceedings* on the appeal from the *order* until the appeal from the judgment can be heard, cannot be entertained by this court after the appeal from the *order* has been taken to and is pending in the court of appeals.

A *notice of judgment* is defective where it omits to state the *clerk's office* in which the judgment is entered; and until a regular notice of judgment is served, the time of the opposite party to bring his appeal is not limited.

The case of *Stewart* agt. *Saratoga and Whitehall Railroad Company* (12 *How. Pr. R.,* 435), commented on and declared to contain and decide only this point, to wit: that an appeal from an *order overruling a demurrer,* renews the demurrer, and continues an issue of law in the case; and though not a stay of proceedings, it puts the case where *no other* proceeding than that *on the appeal can be had.*

*Albany Special Term, January,* 1859.

THIS was a motion to stay proceedings on the appeal from the *order,* until the appeal from the *judgment* could be heard in the general term. Trial was at Albany circuit, January, 1853. Motion for new trial, &c., made and denied at Rensselaer special term, October, 1853. An appeal taken from *that order; that appeal* heard at general term, and the *order affirmed.* An appeal from that decision of the general term taken to court of appeals. December 8, 1853,

plaintiffs *entered judgment* on the verdict, there having been no *order* staying proceedings. The other facts will appear by the opinion.

JOHN K. PORTER, *for motion.*
HENRY NICOLL, *opposed.*

GOULD, Justice. It seems to me in this case that I cannot entertain this motion, as the cause is regularly in the court of appeals;[*] but as several points are covered by the affidavits and arguments of the parties, I will give my views of the position of this case as to those points of practice, in case I should be wrong in my first remark :

I. The motion for a new trial, made at Troy in October, 1853, was made on the case, as now printed, and on affidavits as to surprise, &c. On that motion the plaintiffs had an *order* refusing a new trial, and *from that* order the defendants took a regular appeal, which appeal took up to the general term all that then existed to go there : the case, with its exceptions, and the *order* thereon; and had no judgment been since entered, that appeal would cover the *whole* case. But as there was no stay of plaintiffs' proceedings (either by the order itself, or any subsequent order, or by giving such security as made the appeal a stay), the plaintiffs were regular in entering their judgment of December 8, 1853.

II. Still the entry of this judgment did not affect the prior good appeal *from the order.* Nor would collecting the judgment have affected that appeal; and that appeal was properly heard at general term, notwithstanding the judgment.

III. The general term decision on this appeal was itself appealable to the court of appeals, just as well as if no

---

[*] It seems that the court of appeals so thought, as the appeal was heard and decided.  (20 *N. Y. R.*, 32.)

judgment had been entered on the 8th December, 1853; and it has been duly appealed without, to be sure, any stay of proceedings *on the judgment*; but a reversal on that appeal of the general term judgment of affirmance (which was an affirmance *of the order* denying a new trial, *not* of the *judgment* of December 8, 1853) would have *granted a new trial*, and an order would *then* have been made staying proceedings on the judgment in chief.

IV. The appeal to the court of appeals has taken up the order of the general term, and the case with exceptions, all the papers which were used before the general term, and there is, it seems to me, nothing in the way of a hearing in that court.

V. The *notice* of the judgment of December 8, 1853, is defective, in not stating the clerk's office in which the judgment was entered, and the reason why that office is required to be stated to make a sufficient notice, is made perfectly plain in this cause. The notice of appeal must be served on the clerk in whose office the judgment *is entered*, without reference to the county where the motion for judgment or for the decision upon which judgment follows *is heard;* and the order denying the motion for a new trial should have been *entered* by the clerk of Albany county on the certificate of the clerk of Rensselaer county, where the motion *was heard*. While in fact (*case, fol.* 42) the order *was* entered by the clerk of Renssselaer county, and (*case, fol.* 47, 48) the notice of appeal therefrom was served on the clerk of Rensselaer county.

VI. The defendants having received no notice of the judgment of December 8, 1853, may yet appeal from that, and on motion may have the case with exceptions attached to that record, and so hear the whole case at general term.

Before closing I wish to comment on a case which is cited to me by the defendants, and which has been frequently quoted here and elsewhere, as deciding what it did not. I refer to *Stewart* agt. *Saratoga and Whitehall Railroad Com-*

*pany*, before myself (12 *How.*, 435). It is cited to show that an appeal from *any order* is *per se* a *stay of proceedings*. But though my brethren in some districts have sustained that doctrine, as based on that case, and some of them in other districts have written learned opinions overruling that case, as if it contained *that* doctrine, I must beg leave to say that *no such doctrine was ever in that decision.* The decision is, that an appeal from an *order overruling a demurrer, renews the demurrer, and continues an issue of law in the case;* and though *not* a stay of proceedings, it puts the case where *no other* proceeding than that on the appeal can be had, *because by law an issue of law* (when there is one in a case) must be tried *before* any issue of fact can be touched ; and the party, though not stayed from *proceeding*, must yet *proceed according to law*, and with his issue of law; and I have not yet seen anything to require me to change *that* opinion.