Selden, J.
 

 By the contract between these parties, the defendants, Pultz and Power, agreed to pay to the plaintiff the sum of $1,500 towards the purchase money of the land, to be conveyed on the 1st of May, 1854, and the plaintiff, on his part, agreed that upon receiving the said sum of $1,500, at that time he would execute and deliver a deed. There can be no doubt whatever that these are dependent covenants, and that either party, in order to recover against the other, must show performance, or something equivalent to performance upon his own part. The finding, by the referee, that performance of the contract was delayed at the instance and request of the defendants, until the time when the tender • found by him was made, of course excuses the omission of the plaintiff to make the tender on the day mentioned in the contract. The defendants cannot take advantage of a delay produced by their own act. The tender of the deed, therefore, upon the 9th of May, 1854, has in all respects the same effect upon the rights of the parties as if made upon the 1st of May, as required by the terms of the agreement.
 

 But the referee has found that such deed was tendered to. Henry B. Power, one of the defendants, only; and this presents the principal question in the case, viz.: *whether, upon a contract like this, it is sufficient for the vendor to tender a deed to one of the two joint purchasers, in the absence of the other; or, whether, when the one to whom the tender is made refuses to accept, he must also make a tender to the other. The referee has not found, in express terms, that the defendant, Power, refused to accept the deed; but this is plainly to be inferred from the tenor of his report.
 

 Ho authority was cited upon the argument upon this question, nor am I aware that it has ever been decided; but I am
 
 *550
 
 clearly of the opinion that when two persons have entered into a joint contract for the purchase of lands, if one of them refuses to accept a deed tendered pursuant to the contract, the vendor is under no obligation to make a further tender to the other. As between the vendor and the vendees, the contract is single. The latter constitute, so far as the rights of the vendor are concerned, but one party. Each is holden to him for the performance of the entire contract, and he is not bound to recognize any duality of rights as existing between them. He could not be compelled to execute separate deeds for their respective interests, and, as one deed only was required, it follows that one alone could accept for both. Either of the vendors, therefore, being authorized to accept performance on the other part, and bound to complete performance on their own, upon receiving a tender of a conveyance would be under obligation to accept it and make the corresponding payment; and his neglect or refusal to do so, would be a clear breach of the contract on the part of such vendees. Can they then, after having thus broken the contract, on their own part, defend themselves upon the ground of a subsequent omission on the part of the vendor? I think not.
 

 But it is said that the plaintiff did not tender such a deed as the contract requires, and hence the defendants were not bound to accept it. The contents of the deed tendered do not appear from the body of the referee’s report; but where documentary evidence is introduced upon a trial, and such evidence is referred to in the statement of facts contained in the Case, or in'the report of the’refsree, when such report supplies the place of a statement, the documents containing the evidence are considered and treated, by this court, as constituting a part of such statement or report. It is otherwise in respect'to mere paroi testimony, which is never resorted to except for the purpose of explaining some ambiguity found in the statement. The report, in this- case, refers to a deed tendered by the plaintiff to the defendant, Power, and we find appended to, the Case the copy of a deed from the plaintiff to the defendants, bearing date May 1st, 1854, and marked as “ Exhibit D.” It may be said
 
 *551
 
 that the report does not identify the original of this paper as the deed which was tendered; but this objection ought not, I think, to prevail. From the contents of the deed itself; from its being marked as an exhibit; and from there being no other deed in the printed Case, it is plainly to be inferred that this is the deed referred to by the referee. Either party might have obtained a correction of the report or of the Case in this respect, and the plaintiff would, no doubt, have done so, if this had not been the true deed. On looking at this document, it is plain that it is not such a deed as the plaintiff was bound by his contract to tender; as it contained merely a covenant for quiet enjoyment, while the contract to the plaintiff undertook to give a deed “ with full covenants.” The defendant Power, therefore had a right, upon the tender to him of this deed, to refuse to accept it, on account of its insufficiency in this respect. If, however, instead of pointing out this defect, he put his refusal upon other grounds, which would not have been removed by any alteration which could have been made in the deed, neither he nor his co-purchaser can now avail themselves of its insufficiency.
 

 Here, then, arises a question as to the construction to be put upon the report of the referee. That does not even state that Power refused to accept the deed, when tendered. Such a refusal, however, is plainly to be inferred from the tenor of the report; but as to the grounds upon which he placed that refusal, the report is entirely silent. We are left, therefore, to the legal presumptions which arise under the rules heretofore adopted for the construction of referees’ reports and statements of facts presented to this court upon appeal. Such reports and statements are not construed with the strictness which was applied, at common-law, to special verdicts. Error on the part of the court below, will not be presumed, but must be made clearly to appear. Hence it is incumbent upon the appellant to take care so to present the facts upon which the case depends, as to show affirmatively that an error has been committed. This court will presume nothing in favor of the party alleging the error; but if compelled, through-the imperfection of the state
 
 *552
 
 ment of facts, to resort to presumptions at all, will adopt such only as will sustain the judgment. The report, in this case, therefore, being silent as to the grounds upon which the defendant Power refused to accept the deed tendered to him by the plaintiff, we cannot presume that he pointed out the defect in the deed, and based his refusal upon such defect. On the contrary, as we presume the judgment to be right, until the contrary is made distinctly to appear, where, as in this case, there is an evident omission of important facts in the statement or report, we must presume these facts to have been such as would warrant the judgment rendered. It follows, from this, that the judgment cannot be reversed for the insufficiency of the deed.
 

 1 There is no foundation for the position that the note was void, as being without consideration. It was given for a portion of the sum of $1,500, to be paid upon the execution of the deed. It had the same consideration as the residue of that sum, and whether it was received in satisfaction
 
 pro tanto
 
 of the payment to be made on the 1st of May, 1854, or merely as an additional -security, is of no importance. In either case an action may be maintained upon it under any circumstances which would support an action for the residue of the $1,500. The judgment must be affirmed.
 

 All the judges concurring,
 

 Judgment affirmed.