## VAN MARTER v. HOTCHKISS.

### December, 1864.

This court will not reverse a judgment entered on the report of a referee, on the ground that the action was not referable, if it be one that *might* require the examination of a long account, and the affidavits on which it was ordered are not brought before the court on appeal.[*] The presumption is that the necessary facts were shown.

An order referring the cause for trial is not an order involving the merits, and necessarily affecting the judgment, within § 329, of the code of procedure, so as to be reviewable on a mere appeal from the judgment.

William Van Marter, brought four suits in the supreme Court against Hiram G. Hotchkiss and others, to recover for services and disbursements as an attorney, in conducting four litigations. The facts were the same in all the cases. The actions were each of them referred to a single referee, who reported in favor of the plaintiff. The printed case on the appeal contains the following order for reference.

[*Title of the action.*] " On reading and filing affidavits, *showing due cause therefor*, and on motion of C. L. Lyon, of counsel for plaintiff, and on hearing D. H. Devoe, Esq., defendant's counsel, in opposition thereto, it is hereby ordered that this cause be, and the same hereby is, referred to Hiram K. Jerome, Esq., a counsel of this court, residing at Palmyra, N. Y., as sole referee to hear and determine the same, with ten dollars costs of this motion to the successful party, in the event of the suit."

It did not appear from the case that there was any appeal to the general term from this order. The affidavits used on the motion, and referred to in the order, were not contained in

---

[*] Otherwise if the affidavits are brought up, and do not show a proper case for a referee, Kain v. Delano, 11 *Abb. Pr. N. S.* 37.

the return; and no objection appeared to have been taken on the trial to the case being heard before the referee. Both parties were examined as witnesses in their own behalf, respectively on the merits, and no exception was taken to the report.

The only point made by the appellant was that the order of reference was illegal and unauthorized.

*D. H. Devoe,* for defendants, appellants.

*George H. Arnold,* for plaintiff.

DENIO, Ch. J. [After stating facts.]—The position taken in the appellant's points are, first, that compulsory references are a violation of the constitutional guaranty of the right of trial by jury; and, second, that this being an action, as it is said, to recover a single item, it is impossible that there could have been a long account.

It is difficult to conceive that these objections are seriously made. The practice of referring issues, the *trial* of which would require the examination of a long account, had prevailed, by the practice of the courts, if not since the establishment of the State government, certainly from the time whereof the memory of the profession runneth not to the contrary, when the last constitution was adopted. The provision of that instrument, as well as of the prior State constitutions, respecting the trial by jury, was not that it should be used in all cases, but that in all cases in which it had been theretofore used it should remain inviolate forever. Const. of 1845, § 2. That language was, without doubt, employed for the purpose of retaining, or allowing the legislature to retain, the other modes of trial which it had been the practice to resort to in exceptional cases.

If it were conceded that we could, on an appeal from a judgment, examine the evidence upon which an order for reference had been made, which is a point not necessary to be decided, we could not do so in this case, where the affidavits read on the motion for the reference have not been returned. The action being upon contract, it might or might not require the examination of a long account, and we are to presume that

the evidence produced on the motion authorized the order which was made. If we look into the complaint and the evidence upon the trial contained in this case, it will be apparent that the issue was one to which a reference was peculiarly applicable.

The appeal was wholly without merits, and the judgment appealed from ought to be affirmed, with damages for the delay.

T. A. JOHNSON, J.—There is manifestly nothing in either of these cases which this court can review. The actions are all between attorney and client, to recover compensation for services rendered, and disbursements made professionally. There is no exception to the report of the referee, and no question was raised in the course of the trial on which any point is made by the appellant's counsel.

The only ground of error alleged is, that the cause was improperly referred to be tried and determined. It is claimed on behalf of the appellant that the court had no authority to refer, and that the order of reference is wholly void, and gave referee no jurisdiction, and consequently the report and the judgment rendered upon it are wholly void. The appeal has evidently been brought to this court for the purpose merely of having the order of reference reviewed. But it is quite obvious that that order can not be reviewed in this way here. It is not an order involving the merits and necessarily affecting the judgment within section 329 of the code, and is not brought up by a general appeal from the judgment. It involves a mere question of practice and nothing more. There is no ground whatever for the assumption that the action was taken out of court by the reference, and all jurisdiction over it thereby lost. These are all cases which might have been properly referred, upon the necessary facts being shown. The presumption is that the necessary facts were shown, as nothing appears in the case to the contrary. Nothing appears in either of the cases on the subject of the reference, at the time it was made, except the rule by which it was ordered. The rule recites in each case that the reference was made " on reading and filing affidavits showing cause therefor." The presumption is, there-

fore, that sufficient cause was shown to authorize the reference, Nothing is presumed here in favor of the party alleging error, but the error must appear upon the record. Carman v. Pultz, 21 *N. Y.* 547. There is not even an exception to the decision granting the order. So that if the appeal brought up the decision granting the order of reference for review, it would necessarily be sustained as the case stands. I think the appeals are wholly without merit or excuse, and that judgment should be affirmed, with all the allowance which the law authorizes.

All the judges concurred

Judgment affirmed, with costs, and ten per cent. damages.