Andrews, J.
There are no exceptions to the admission or rejection of evidence relied upon for the reversal of the *510 judgment. The action was tried by the court without a jury. The judge made a finding of facts, and found as a conclusion of law that there was a valid contract of insurance between the parties at the time of the loss by fire of the insured property. There was no request to make other or additional findings of fact; and the only question open to the appellant on this appeal is whether, upon the facts found or which might have been found' from the evidence in favor of the plaintiff, the conclusion of law was justified. (Carman v. Pultz, 21 N. Y., 547; Grant v. Morse, 22 id., 323 ; Meyer v. Amidon 45 id., 169.) This consideration disposes of the principal question argued by the appellant’s counsel in the brief submitted by him, viz.: that the consent of the defendant, after the title to the property vested in the plaintiff by the foreclosure, to continue the policy in force for his benefit, was inoperative, and did not bind the defendant, for the reason that it was given in ignorance of the forfeiture incurred by ■ Tallen & Co., ■ by their having procured additional insurance, without notice to the defendant and in violation of the terms of the policy. The fact that such additional insurance was. procured is not found, nor is it in any way adverted to in the findings of the judge, and the rule is well settled that this court will not look into the evidence to see if any facts were proved, which if found would subvert the judgment.
The policy in question was issued upon the application of the plaintiff, and he paid the premium. He had at the time an interest as mortgagee in the.insured property. The nature of his interest was stated to the, defendant when the application was made, and the form of the policy was left to the judgment of the defendant’s agent. It does not appear that the plaintiff was acting, in procuring the policy, as agent for or at the instance of Tallen & Co., the owners of the property. They were named in the policy as the persons insured, but tjie loss, if any, was by its terms payable to the plaintiff as his interest might appear, and his mortgage interest was much greater than the amount insured. The policy was *511 delivered to him, and he retained it in his possession until after the fire.
The question, arises, whether the parol consent of the company,' after the title to the insured property vested in the plaintiff by the forelosure, that the policy should continue in force for his benefit, confirmed it as a valid subsisting contract, notwithstanding the provision in the policy that upon a change of title to the, property, by foreclosure or otherwise, the insurance should “ immediately cease.” I think that it cannot be held that the retention of the premium, paid on effecting the insurance, furnished a consideration for renewing and continuing the contract of insurance after it had been avoided by the act of the insured. The policy had attached, and the risk had been assumed by the defendant, liable to be terminated by the occurrence of certain events specified in the policy. If it was terminated pursuant to any condition in the policy, and without fault of the defendant, the whole premium was earned, and the insurer had a legal right to retain it, although the whole term fixed for the running of the policy had not elapsed. (Shaw, Ch. J., Felton v. Brooks, 4 Cush., 207.) It is not like the cases cited where the policy was void in its inception, and no risk had been incurred by the underwriter; nor is it the case of the modification of a contract, which at the time was mutually obligatory. (Fish v. Cottenet, 44 N. Y., 538; Shearman v. The Niagara Fire Ins. Co., 46 id., 526; 2 Phil, on Insurance, § 1819.) But clauses of forfeiture and avoidance are for the benefit of the party in whose favor they are made, and he may insist upon them or not, at his election. (2 Am. Leadg. Cases, 306, and cases cited; Clark v. Jones, 1 Denio, 516.) In many cases the party who could insist upon the forfeiture of a contract, and who could elect to abandon it, has an interest to waive the forfeiture, and treat the contract as subsisting, notwithstanding the failure of the other party. In this case, the defendant elected to continue the insurance in force for the benefit of the plaintiff, who had paid the premium, and for whose immediate benefit the policy was issued, *512 and who was entitled to the insurance money in case of loss, and the company could not afterward, and after a loss had occurred, abandon its election, to the prejudice of the plaintiff. The plaintiff may have been, and upon the evidence it is probable that he was, prevented from procuring other insurance, relying upon the assurance of the defendant that the policy should remain in force. It was the natural result of the defendant’s act, and I am of opinion that the case is within the reason upon which the doctrine of equitable estoppel is founded, and that the defendant is precluded from averring the want of consideration for the agreement to continue the policy, or from insisting upon the previous forfeiture. (Frost v. Saratoga Mutual Ins. Co., 5 Den., 154, and cases cited; Wolfe v. Security F. Ins. Co., 39 N. Y., 52; Atlantic Ins. Co. v. Goodall, 35 N. H., 328.)
The proofs of loss were prepared in conformity with the direction of the defendant’s agent and secretary, and were retained by the defendant; and under the circumstances the plaintiff was not boimd to furnish additional proofs upon a general notice by the company, without specification of the points in respect to which they were deemed defective.
The judgment should be affirmed, with costs.
All concur.
Judgment affirmed.