Rae v. Harteau.

---

WILLIAM N. RAE, Respondent, *against* HENRY HARTEAU *et al.* Appellants.

(Decided March 5th, 1877.)

The notice of entry of judgment of affirmance, required by sec. 348 of the (old) Code of Civil Procedure § to be served upon the adverse party ten days before bringing suit upon an undertaking upon appeal, must be a written notice that there has been an entry of a perfected judgment. The statute must be strictly complied with, and the service of a paper purporting to be a copy of an order of affirmance, without any notice that it has been signed or entered, is insufficient, and an action upon the undertaking cannot be sustained upon proof of service of such an order ten days before suit.

Failure of proof of such notice cannot be supplied by showing that the defendant in the original suit, without waiting for notice of entry of the judgment, moved under L. 1871, c. 282, § 8, for a certificate to enable him to go to the Court of Appeals, nor by showing that the sureties, when demand of payment was made on them, did not base their refusal to pay on the failure to serve such notice.

The fact that sureties on an undertaking on appeal have been indemnified, does not estop them in a suit on the undertaking from insisting on proof of performance of all the conditions required by the statute precedent to a suit on it.

* The decision here was affirmed by the Court of Appeals, March 26th, 1878.

§ See sec. 1309 of the new Code of Civil Procedure.

APPEAL by the defendants from a judgment of this court entered upon verdict for the plaintiff.

This was an action brought against the principal and sureties upon an undertaking given in an action in the City Court of Brooklyn upon an appeal to the general term of that court from a judgment entered upon a verdict. The sureties alone answered.

The facts are stated in the opinion.

*Lewis Beach*, for appellant Harteau.

*B. F. Lee*, for appellant Wm. N. Beach.

*Edwin T. Rice*, for respondent.

ROBINSON, J.—A judgment was recovered by plaintiff, in the City Court of Brooklyn, against Lewis Beach, on the 2d day of October, 1872, for $527 96, which, on an appeal to the general term of that court, was affirmed by judgment finally entered May 15, 1875, with $131 66 costs of affirmance.

These defendants became sureties in an undertaking given for the purposes of that appeal. The decision on such appeal appears by an order to that effect, dated April 28, 1875, incorporated in the judgment roll and signed with the initials " G. G. R.," presumably those of Judge Reynolds, of that court, and also by the initials " G. W. K.," presumably those of George W. Knaebel, its clerk, but the costs were not taxed nor was the judgment perfected until May 15th, 1875. The undertaking contained the provisions required by sections 354, 355 and 356 of the Code, relating to appeals to a County Court from justices of the peace, or to this court from judgments of District Courts, instead of such as were required on appeals from such a judgment to the general term of the City Court of Brooklyn, by sec. 6, of chapter 470, of the Laws of 1870, assimilating such an appeal in all respects to that provided for in sections 348, 349 and 350 (chap. 4, tit. 11) of the Code, wherein provision is made for a stay of proceedings upon the order or judg-

Rae v. Harteau.

ment appealed from, in the manner provided for by sections 334 and 335. The complaint alleges the entry of an order of affirmance of the judgment appealed from, on the 28th day of April, 1875, and the service of a *copy thereof*, on the 29th; also the issuing and return of executions upon the original judgment and that rendered on the appeal for costs wholly unsatisfied. The answer of the defendants, so far as material to the question now passed upon, admitted the filing in the office of the clerk of the City Court of Brooklyn, by plaintiff's attorney of certain papers claimed to be a judgment in the original action, on October 2, 1872, for $527 96, and also papers claimed to be a judgment against the appellant, Lewis Beach, for costs of said appeal, for the sum of $131 66, on the 15th day of May, 1875, but denied all other allegations in respect to said judgments. The present action was commenced in July, 1876. The question that first presents itself on this appeal is as to the right of the plaintiff to maintain the action for want of service of any written notice of the entry of judgment of affirmance that was perfected on the 15th of May, 1875. In my opinion the objection to any recovery is on this ground fatal to plaintiff's claim.

On the trial, the only notice which the plaintiff proved to have been served on his behalf, was a paper purporting to be a copy of the order signed by Judge Reynolds and the clerk, with their initials, before mentioned, but without any copy of said initials or any indication that any such order had been previously signed or any notice of its ever having been entered with the clerk of the court. The requirement of the entry of an order made upon *any decision* of a judge or court before any effect can be given to it is, under our system, a matter of substantial significance, and where granted by a judge in any judicial district, must be entered with the clerk of the county in which the trial is to be had or the judgment roll to be filed. And in this respect the final entry of an order upon the decision of a judge or court, however otherwise formal, becomes a matter of materiality. It was to such an " entry " of an order of affirm-

ance that the 348th section of the Code has reference. Although, in such a local court as that of the City Court of Brooklyn, much of the reason for the distinction in reference to the decisions of the judges and the entry of orders thereon may not exist, the intention of the statute is yet clearly expressed, and must have such construction as entitles it to a *general* application to all the courts of this State, to which a common mode of entry of orders of affirmance is prescribed, with a view to the various purposes in respect to which such a *perfected order* becomes in any respect material. If the present case depended alone upon the force and effect of the decision, and its entry as an order, a presumption might possibly be indulged that the clerk entered the order immediately after the decision was made.

The notices required by the Code are always such as must be given in writing (sec. 408), and must be so explicit as plainly to give the information required by the statute. The paper served in this case of what was or was to be in terms an order of the general term, was without any indication of signature of judge or clerk, and with a mere indorsement of the title of the cause, followed by these words: " Copy order affirming judgment. To Diefendorf & Beach, attorneys for appellant; Brainard and Rice, attorneys for respondent." It conveyed no proper intimation that any such order had been entered with the clerk of the court.

But notwithstanding such a written decision of the general term may have been entered with the clerk, it did not become a *judgment of affirmance*, and no such judgment had been perfected so as to become the subject of further appeal, as contemplated by the provisions of the Code above referred to, at the time of serving such papers styled " copy order."

The amendment to section 348 of the Code by the act of 1862, while providing that no action should be commenced upon any undertaking given in pursuance of the provisions of *that* section, until ten days after the service of notice of the entry of the order or judgment affirming the judgment appealed from, had in contemplation, in addition to

mere judgments appealed from, such orders so affirmed at the general term in respect to which further appeals might be taken to the Court of Appeals, and also all such orders, or affirmance of orders, appealed from, in respect to which security had been given on the appeal to effect a stay of proceedings thereon, pursuant to the provisions of sections 334 to 339 of the Code. (*Staring* v. *Jones*, 13 How. Pr. 423; *Smith* v. *Heermance*, 18 id. 261; *Niles* v. *Battershall*, 26 id. 93.)

The 349th section, giving such right of an appeal from orders, provides they may be taken "in like manner and with like effect," as from judgments, as allowed by section 348. The manifest intention of the amendment of 1862 above referred to, passed after the other provisions of sections 348 and 349 had gone into effect, and allowing appeals in common from judgments and orders, "in like manner and with like effect," must be taken distributively as requiring the notice of ten days to be given before suit brought on the undertaking in case of the affirmance of an order as well as upon the affirmance of a judgment. The object of the notice in either case, is to enable the principal debtor to protect his sureties, either by a further appeal to the Court of Appeals, or to provide for payment, before suit brought upon the undertaking, or to afford time to take some measures for their relief.

The decision upon the appeal taken by Beach, the principal, could in no way be effectually decided or disposed of by an "order," but only by a *judgment* of affirmance, duly perfected.

An order is but a decision upon a motion, and is expressly distinguished from a judgment (Code, sec. 400), which is defined (Code, sec. 245) as the final determination of the rights of the parties. A judgment is to be entered in the judgment book and perfected by the filing of a judgment roll (sections 280 and 281), from which the right of appeal from a judgment would begin to run (sec. 331). No notice of the judgment so perfected on May 15th, 1875, on the appeal in question, was ever served. The requirements of the statute (Code, sec. 348) are on this subject in terms

equally positive with those of sec. 332, in which like terms are used and have been judicially passed upon. (*Staring* v. *Jones, supra ; Walton* v. *Nat. Loan Ass.* 19 How. Pr. 515.) The considerations calling for a strict construction of the statute as to the necessity of the service of the ten days' notice of the judgment (as perfected) above suggested are equally imperative, and its necessity to entitle the plaintiff to maintain an action against the sureties has been expressly recognized in the general term of the Supreme Court (3d district) in *Porter* v. *Kingsbury* (5 Hun, 597), not only holding the notice necessary but that service must be averred in the complaint. In this view of the rights of the parties it becomes unnecessary to consider the legal force of the undertaking given under the forms prescribed by sections 354, 355 and 356 of the Code, without exception taken to it as varying from the particular instrument required under sections 348, 334 and 335, or any other of the extremely technical objections occurring during the trial. Being of the opinion that the suit was, in any view taken of these latter objections, prematurely brought, the judgment should be reversed, and a new trial should be ordered, with costs to abide the result.

LARREMORE and JOSEPH F. DALY, JJ., concurred.

Judgment reversed, and new trial ordered, with costs to abide event.

After the foregoing decision, there was a new trial, on which the plaintiff attempted to show in the various ways, stated in the following opinion, a waiver of the notice. The defendants had judgment and the plaintiff appealed to the general term, where the following opinion was delivered on January 7th, 1878.

The appeal was argued by

*Edwin T. Rice*, for appellant.

*Lewis Beach*, for respondent Harteau.

*B. F. Lee*, for respondent Wm. N. Beach.

JOSEPH F. DALY, J.—Certain of the facts of this case are recited in the opinions rendered at general term, March 5th, 1877, in this cause. The law of the case upon those facts must be considered as settled, so far as this court is concerned, by the former decision. That disposes of all questions as to the sufficiency of the notice given by the service of a copy of the order of April 28th, 1875, as a compliance with section 348 of the Code, requiring, as a condition precedent to the commencement of an action against sureties on an undertaking on appeal, the service on the adverse party of notice of entry of the order, or judgment affirming the judgment appealed from (Code of Procedure, sec. 348; *Porter* v. *Kingsbury*, 71 N. Y. 588). The question as to the language of the Code requiring service of the " order " or judgment appealed from was also disposed of by the general term decision, and cannot be now discussed.

Upon the new trial, at special term, plaintiff relied upon a waiver of the notice required by section 348. Also, upon the fact that the sureties, when demand was made of them, did not base their refusal to pay upon the want of service of notice. As proof under the first of these points, plaintiff had no direct waiver of notice to show, but offered proof that, after entry of judgment of affirmance, the defendant, on that judgment, without waiting to receive notice of such entry, moved the court in which the judgment was entered for a certificate authorizing him to appeal therefrom to the Court of Appeals (L. 1871, c. 282, § 8). This proof was excluded by the court, and properly. The notice required by section 348 is a step toward enforcing the liability of sureties, not toward limiting or extending the time or right to appeal, and proceedings looking to an appeal by the adverse party, without waiting to receive such notice, cannot be held, with any shadow of reason, to intend or to amount to a waiver of a notice designed for a totally different object. The last point made on

this appeal is that the sureties are cut off from the defense of want of notice, under section 348, because they did not allege it when demand was made of them before suit, so that plaintiff might have supplied the omission. I know of no such rule of law in cases of money demand upon written obligations. In cases of tender and the like, objections not taken at the time of tender to its form or sufficiency cannot be urged afterwards. The decisions cited by appellant are of this character. (*Taylor* v. *Spader*, 48 N. Y. 664 ; *Stokes* v. *Recknagel*, 6 Jones & Sp. 368 ; *Gould* v. *Banks*, 8 Wend. 562 ; *Carman* v. *Pultz*, 21 N. Y. 547). But even if the rule were applicable generally, to cases of demand upon sureties, they could be required to make such objections as were within their knowledge and no other. The notice required by section 348 is not to be served on the sureties but on the successful party in the action, and they are not bound to know if it were served or not. Their privilege is to wait until plaintiff alleges and proves the notice, which he is bound affirmatively to do (*Porter* v. *Kingsbury*, *supra*). As to the point taken that the sureties here are indemnified, it can only be answered that they are sued as sureties, and the question as to necessary proof in such an action is settled by the decision last cited.

The judgment should be affirmed, with costs.

CHARLES P. DALY, Ch. J. and VAN HOESEN, J., concurred.

Judgment affirmed. *

---

* This decision was affirmed by the Court of Appeals, February 4th, 1879.