ANTONIO GUZMÁN LÓPEZ, represented by his father, ANTONIO GUZMÁN MUÑOZ, Plaintiff and Appellant, *v.* MANUEL ORTIZ, Defendant and Appellee.

No. 4387.   Argued January 25, 1928.—Decided February 20, 1929.

*Arturo Aponte* for the appellant.   *Francisco González Jr.* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.
Plaintiff alleged in substance, among other things:

SECOND. That the defendant, Manuel Ortiz, at all times mentioned in the complaint, was the owner of a public service motor truck used in the carrying of freight between Yabucoa and other towns of the Island.

Third. That on May 30th, at about ten o'clock in the morning, defendant's motor truck driven by his chauffeur Carlos del Campo, employee of the said defendant, was en route from Yabucoa to Maunabo, and was so negligently driven along the highway that, upon rounding a curve several kilometers before reaching Maunabo, it struck the automobile in which plaintiff was traveling and inflicted upon plaintiff serious cuts and wounds.

Fourth. That the said accident, as the result of which plaintiff received his wounds, was caused solely and exclusively by the negligence of the chauffeur, employee of defendant, while going carelessly and uncontrolledly from Yabucoa to Maunabo, without precaution of any kind and without taking notice of the automobile in which plaintiff was traveling.

The complaint was duly verified, and section 110 of the Code of Civil Procedure provides that—

". . . If the complaint be verified, the denial of each allegation controverted must be specific . . ."

Defendant answered as follows:

First. He denies the first averment of the said complaint for want of information.

Second. He likewise denies the second averment of the said complaint.

Third. He denies in like manner the third averment of said complaint, also for want of information.

Fourth. He denies the fourth averment of said complaint.

Fifth. In like manner he denies the fifth averment.

Such an answer does not raise any issue. 21 R.C.L. pages 566–67, par. 123; *Delano* v. *Jacoby*, 96 Cal. 275; *Boyer* v. *Municipal Assembly of Guayama*, 34 P.R.R. 19.

At the threshold of the trial counsel for plaintiff announced that although he could demand a judgment upon the pleadings because the facts stated in the complaint had been admitted by the answer, nevertheless he would present a part of his evidence in support of certain averments of the complaint in order that the court might have before it the facts in detail and render judgment for an amount commensurate with the injuries received by plaintiff.

The attorney who had filed the answer was not present at the trial and another attorney who then appeared on behalf of defendant made no objection to the suggestion of counsel for plaintiff.

When the second witness was called counsel for plaintiff reminded the court of the statement previously made to the effect that the facts outlined in the complaint had been admitted by the answer which did not contain a specific denial of the second and third averments of said complaint and that a judgment upon the pleadings might have been demanded.

Thereupon counsel for defendant stated to the court that he had not filed the answer in question, and that the same had not been prepared in his office.

The only witness called by defendant was the chauffeur, Carlos del Campo, who said that he had asked Manuel Ortiz to lend him (witness) the truck in order to bring some furniture from Maunabo to Yabucoa.

Counsel for plaintiff asked that this statement be stricken because it was immaterial and was not, nor could it be, a ground of defense. The court overruled the objection and plaintiff took an exception.

After the driver of the truck had given his version of the accident counsel for defendant moved for a judgment of dismissal because at the time of the accident Carlos del Campo was not rendering any service to Manuel Ortiz and was not under his orders nor acting within the scope of his employment, nor was there any relationship of master and servant. Nor was there any averment in the complaint as to this; and because a principal is not liable for the acts of an agent or employee when not done in the line of duty, and with even greater reason inasmuch as the evidence adduced by the plaintiff was silent as to these facts.

The district judge in his "statement of the case and opinion" made no reference to the question of pleading, but found as facts established at the trial that the motor truck,

property of defendant and driven by his chauffeur, Carlos del Campo, after the fore part thereof had passed, struck with its rear wheel the car in which plaintiff was traveling; that the truck driver's version of the accident viewed in the light of undisputed physical facts, was incredible, and that beyond any doubt the accident was due to the negligence of the driver.

The district judge, however, after making these findings, turned his attention to the legal aspect of defendant's theory of the case and discussed at some length sections 1803 and 1804 of the Civil Code, the doctrine of *respondeat superior*, the maxim *"qui facit per alium facit per se"* and a number of our own decisions. There is no doubt about the general principles of law so discussed. The only question is as to whether or not they are applicable to the facts in the instant case.

There was no direct evidence that the driver of the truck was acting within the scope of his employment at the time of the accident. But we can not assume with the court below that direct proof of the ultimate fact is necessary. The complaint alleges, and the district judge found as a fact established by the evidence, that the motor truck was the property of defendant used for the hauling of freight and, at the time of the accident, was driven by Carlos del Campo, an employee of defendant. That, we think, is enough.

At page 502 of Wigmore on Evidence, volume 5 (second edition), we find the following:

"(2) Where damage is done by the tortious act of the driver of a vehicle, and the injured person sues the owner of the vehicle, who was not the driver, it is a necessary part of the plaintiff's case that the driver was an agent of the owner and was acting at the time within the scope of his employment. May these two facts be presumed from the fact of ownership? The answer should be affirmative, if we consider the relative facility of proof as between the parties, the ordinary habits of owners of vehicles, and the wisdom of placing the risk of not obtaining evidence upon the person who owns a valuable and dangerous apparatus and therefore should take special

precautions against its misuse by irresponsible persons. The reckless irresponsibility of motorists in general, their notorious selfishness in monopolizing the highway against pedestrians, and the prevalence of homicide by motorists who set no value on the lives of others in comparison with their own convenience,—all these modern facts demand that the present rule, and every other applicable rule, be employed, to improve the standard of care obeyed by vehicle-owners.

"Nevertheless, Courts have here taken opposite views; some Courts leaving upon the innocent pedestrian the entire burden of producing evidence; in general, the Courts are here apt to take an unpractical, inhumane, and over-cautious attitude."

The rule here announced would seem to apply *a fortiori* as between the owner of a recklessly driven motor truck and the careful motorist whose position is often more difficult and whose opportunity for escape is often less favorable than that of the equally alert pedestrian.

See also *Ramos de Anaya* v. *López*, 36 P.R.R. 451.

The better practice would have been expressly to allege that the driver of the truck was acting within the scope of his employment at the time of the accident. If a demurrer had been interposed and sustained below, it is not likely that the ruling would have been reversed on appeal. *Maldonado* v. *Avalo Collazo*, 38 P.R.R. 469. But if timely objection had been made by defendant, plaintiff would have had an opportunity to amend. Both the form of the answer and the attitude of counsel for defendant throughout the course of the proceeding admitted the sufficiency of the complaint for the purposes of the trial. The objection came too late when made for the first time after the omission in question had been supplied by the evidence for plaintiff.

It may be that by the introduction of evidence to establish conceded facts plaintiff likewise waived his right to object to the evidence offered by defendant upon an issue not raised by the answer. But, in the view we take of the evidence admitted over such objection, the question is not important.

Carlos del Campo did not testify, as stated by the trial

judge, that the truck was loaded with furniture belonging to the said del Campo. He does not even say that he had borrowed the truck. His statement is that he had asked his employer to lend him the truck for the purpose of bringing some furniture from Maunabo to Yabucoa, and that he was on his way from Yabucoa to Maunabo. There is, therefore, no conflict between this statement and the testimony for plaintiff to the effect that the truck was empty at the time of the accident. For aught that appears from the testimony of del Campo, his employer might have told him to charge himself, or the owner of the furniture in question, at the usual rate, or at a reduced rate, or to bring the furniture along with other goods and merchandise which were to be transported in the regular course of business. Del Campo does not say that he was on his way to get the furniture or that he was not acting within the scope of his employment at the time of the accident. That might be a legitimate inference from what he does say about his request for permission to use the truck if his statement in this regard could be accepted at its face value. But, if in the light of all the circumstances that statement does not inspire confidence, neither was the court below nor is this court obliged to believe it or to expand it by drawing unnecessary conclusions therefrom.

Del Campo attributes the accident to the high speed of the automobile, which he says was coming up the hill at twenty or twenty-five miles an hour while he was going down at eight or ten. He also insists that he was on the right-hand side of the road; that he had the truck under control and that he brought it to a stop; that the automobile could have passed the truck easily by drawing further to the right because the gutter was level, but, when the brakes were applied, the car skidded and struck the rear wheel of the truck. The testimony for plaintiff was to the effect that the automobile had been stopped and was standing on the right-hand side of the road when it was struck by the rear wheel of the truck.

Del Campo also states, whether inadvertently or other-wise, that it was his custom to travel along the middle of the road until he heard an approaching vehicle, whereupon he would turn to the right. A collision between the rear wheel of the truck and the bumper of a car standing on the side of the road would have been the logical result of a belated attempt on the part of the truck driver to abandon the middle of the highway and to pass the stationary vehicle before the rear of the truck had gained sufficient leeway. There was no doubt in the mind of the trial judge in the instant case as to the question of negligence on the part of the truck driver.

Manuel Ortiz, defendant herein, on the day after the accident, told the plaintiff's father, Antonio Guzmán, to have the damaged car repaired and to send him, Ortiz, the bill, in order that he, in turn, might forward the same to the insurance company, as the truck was insured. Here we have an implied admission of responsibility on the part of the employer, and incidentally a like admission that the driver of the truck was acting within the scope of his employment at the time of the accident. This admission comes from the party most interested in the establishment of the only defense suggested at the trial. So far as the record discloses, Ortiz alone could have corroborated the testimony of the solitary witness who took the stand on behalf of defendant. Silence sometimes speaks louder than words. Such an admission, unexplained, is more than enough to offset any more or less doubtful inference that might be drawn from the statement of del Campo to the effect that he had asked for permission to use the truck.

It was incumbent on defendant to neutralize, if not to overcome, by a plain preponderance of the evidence, the presumption that the driver of the truck was acting within the scope of his employment. This the defendant has signally failed to do.

The judgment appealed from must be reversed, and in

lieu thereof the judgment of this court will be entered in favor of the plaintiff for $500 and costs.

Mr. Justice Texidor took no part in the decision of this case.