[No. 14697.   Department One. — October 3, 1892.]

C. DELANO, RESPONDENT, v. A. JACOBY ET AL., AP-
'PELLANTS (No. 10111), AND A. JACOBY ET AL., APPEL-
LANTS, v. C. DELANO AND C. Z. CULVER, RESPOND-
ENTS (No. 10712).

MORTGAGE—NOTES TO JOINT PAYEES — ASSIGNMENT TO ONE PAYEE —
    PLEADING — OWNERSHIP OF NOTES — FINDING. — Where a verified com-
    plaint in an action to foreclose a mortgage, brought by one of two joint
    payees of the notes secured by the mortgage, alleges that the other payee
    assigned all his right, title, and interest to the plaintiff, and that the
    plaintiff thereby became the holder and sole owner of the notes and
    mortgage, and the answer, which is unverified, contains no specific de-
    nial of the allegation, no issue is raised thereon, and a contention upon·
    appeal, that there is no evidence to sustain a finding that the plaintiff is
    the owner and holder of the notes, is without merit.
ID. — COLLECTION BY ONE OF TWO PAYEES. — Payment of a note to one of
    two payees, with or without suit, will extinguish the debt.
POWER OF ATTORNEY — ACKNOWLEDGMENT AND RECORD — VALIDITY BE-
    TWEEN PARTIES. — A power of attorney for the sale of land is sufficient
    as between the parties to the transaction, whether properly acknowledged
    or recorded, if it is otherwise valid.
ID. — AUTHORIZATION OF DEED — QUESTION TO BE DETERMINED IN VIEW
    OF .CIRCUMSTANCES — INTENTION, HOW GATHERED. — The question as
    to what is necessary in a power of attorney for the sale of land to
    authorize the attorney to execute and deliver a deed to the purchaser
    must be determined in each case upon its own peculiar circumstances.
    As between the parties to the transaction, it is proper to consider their
    situation at the time of the execution of the power, and their intention
    is to be gathered from the words of the instrument and all the circum-
    stances under which it was written and acted upon.
ID. — RATIFICATION OF DEED UNDER POWER — ESTOPPEL. — Where one of
    the joint owners of property gave the other a power of attorney to sell
    the property, and the latter executed a deed of the property for a con-
    sideration, part of which was paid in cash and the balance in notes and
    mortgages, the acceptance of the notes and mortgages by the party giv-
    ing the power of attorney, and his insistence upon payment of them when
    due, is a ratification by him of the acts of the other joint owner, and he
    is estopped from claiming that the power of attorney was insufficient to
    authorize the latter to execute the deed.
VENDOR AND PURCHASER— MORTGAGE FOR PURCHASE-MONEY — FRAUDU-
    LENT REPRESENTATIONS — RESCISSION OF CONTRACT — WAIVER. —Where
    the acts and omissions of the purchasers of land recognize the validity of
    notes and mortgages given by them for the purchase-money, they thereby
    waive their right of rescission of the contract.
ID. — RELEASE OF MORTGAGE AS TO LOTS SOLD — FAILURE OF VENDOR —
    RESCISSION. — The failure of a vendor to release the mortgage for pur-
    chase-money, so far as it affects lots sold, does not warrant a rescis ion of
    the contract of purchase, where such vendor is not informed into how

many lots the tract has been divided by the purchasers, and no offer is made to pay the amount due on account of the release requested, as provided by the terms of the mortgage.

APPEALS from two several judgments of the Superior Court of Los Angeles County, and from orders denying a new trial in two several actions.

The facts are stated in the opinion of the court.

*Chapman & Hendrick*, and *Henry Bleecker*, for Appellants.

*Anderson, Fitzgerald & Anderson, Anderson & Anderson, F. W. Sanborn*, and *Victor Montgomery*, for Respondents.

PATERSON, J.— On September 12, 1887, Culver, claiming to act under a power of attorney from Delano, sold and conveyed a tract of land owned by himself and Delano to Jacoby et al. By the terms of the agreement, the purchasers were to pay off a prior mortgage of five thousand dollars and the sum of thirteen thousand dollars, six thousand dollars of which were paid in cash. Of the remaining seven thousand dollars, three thousand five hundred dollars were to be paid in one year, and the remainder in two years, with interest at ten per cent. Two notes were given by the purchasers for three thousand five hundred dollars each, one payable in one year and the other in two years, and payment thereof was secured by a mortgage on the lands sold.

Case No. 10111 is an action for the recovery of the amount due on these two notes, and to foreclose the mortgage given as security for the payment thereof. The answer in that case consists,—1. Of a general denial; 2. Allegations that Delano and Culver never had title to the lands, or any portion of the same, and as soon as they discovered this fact, and before the commencement of this action, they rescinded the contract and offered to restore to the plaintiff and Culver everything of value they had received under the contract; 3. That the defendants were induced to enter into the agreement by

false and fraudulent representations (which are specifically set forth), and that within a reasonable time after they discovered the facts, the defendants rescinded the contract and offered to restore to plaintiff and Culver everything of value they had received under the contract; 4. That the defendants were induced to enter into the agreement by reason of the promise of plaintiff and Culver that said Culver would immediately "commence to erect five cottages on the tract of land known as the Culver Hotel tract, being lands adjoining the lands above mentioned," water and light the streets, and keep them watered and lighted, open and maintain a hotel on said hotel tract, etc.; that they have kept and performed all the conditions on their part, but none of the promises made by plaintiff and Culver have been fulfilled, and by reason thereof the consideration for the note has wholly failed; that within a reasonable time after the non-fulfillment of the conditions of the contract they demanded the return of the notes, and offered to return to plaintiff and Culver everything of value they had received from them under the contract.

Case No. 10712 is an action brought by Jacoby et al., the purchasers referred to, for an accounting of all moneys paid by the plaintiffs on account of the purchase-money of the lands, and for the delivery and cancellation of the notes and mortgages. The complaint consists of allegations essentially the same as those made in the answer above referred to.

The court, in its findings, negatived all of the allegations made by Jacoby et al., and judgment in each case was rendered in favor of Delano, in accordance with his prayer.

It is claimed by appellants that there is no evidence to support the finding of the court that Delano is the owner and holder of the notes and mortgage. But the complaint alleged that "on or about the twenty-fourth day of September, 1887, the said C. Z. Culver transferred and assigned for a valuable consideration all his right, title, and interest in said two promissory notes to plain-

tiff, and plaintiff is now the holder and sole owner thereof," and there is no denial of this allegation in the answer. There is, it is true, a general denial, but as the complaint was verified, and the defendant made many specific denials, the general denial must be treated as having raised no issue. Furthermore, plaintiff and Culver are named in the notes as payees. Payment to either, therefore, with or without suit, will extinguish the debt. (Civ. Code, sec. 1475; *Lyman* v. *Gedney*, 114 Ill. 388; 55 Am. Rep. 871; *Henry* v. *Mt. Pleasant*, 70 Mo. 500.) Culver was made a party defendant in the second action, and will be bound by the judgment.

Appellants contend that the power of attorney from Delano to Culver was wholly insufficient to authorize the latter to execute a deed. It reads as follows:—

"I do hereby appoint C. J. Culver my agent and attorney in fact, with full power and authority to sell my interest when he sells his own in that lot or parcel of land situate in the county of Los Angeles. [Here follows particular description of the property to be sold.] I hereby give my said agent and attorney as full power and authority to sell said premises as I myself have, and do ratify and confirm all that he may lawfully do in the premises.

"Given under my hand and seal this twenty-third day of July, 1887.

[Seal]                                "C. DELANO."

Following the signature is a certificate of acknowledgment, in these words:—

"State of Ohio,   }
    Knox County. }  *ss.*

"Personally appeared before me C. Delano, and acknowledged signing and sealing of this power of attorney to be his voluntary act and deed.

"Given under my hand and official seal this twenty-third day of July, A. D. 1887.

[Seal]                    "JOHN S. BRADDOCK,
                              "Notary Public."

This power of attorney was recorded in the office of the county recorder of Los Angeles County, August 2,

1887. It is said that as the acknowledgment was insufficient to prove the power of attorney or entitle it to record, it was not constructive notice to anybody. We do not understand the intended force of this suggestion. If the power of attorney was otherwise valid, it was good as between the parties to the transaction, whether recorded or not.

There is an apparent conflict of authority on the question as to what is necessary in a power of attorney for the sale of land to authorize the attorney to execute and deliver a deed to the purchaser. Each case must be decided upon its own peculiar circumstances. (*McNeil* v. *Shirley,* 33 Cal. 206; *Rutenberg* v. *Main,* 47 Cal. 220; *Hemstreet* v. *Burdick,* 90 Ill. 444.) As between the parties to the transaction, it is proper to consider their situation at the time of the execution of the letter, and their intention is to be gathered from the words of the instrument, and all the circumstances under which it was written and acted upon.

" The vendor may be unwilling to deal with a particular proposed purchaser on any terms. He may consider him pecuniarily unable to comply with the contract, even if the title prove satisfactory, and he may decline to bind himself to convey to such a purchaser at the end of the time necessary to examine the title, because he might thereby in the mean time lose an opportunity to sell to some other person who might desire to purchase, and in whose good faith and ability to pay he reposed entire confidence." (*Duffy* v. *Hobson,* 40 Cal. 245; 6 Am. Rep. 617.) So the general rule is, that a mere authority " to sell," in the absence of any other words or circumstances qualifying the language, would not confer upon the agent the power to determine these matters for his principal. There are some exceptions to the rule. (1 Am. & Eng. Ency. of Law, 360, and cases there cited.)

In this case, Delano and Culver were joint owners of the property. Culver lived in this state, Delano in Ohio, and the latter had the utmost confidence in the former.

The language of the letter is emphatic, and carries with it the conviction that Delano intended that Culver should do something more than merely find a purchaser for him. Culver was intending to sell and convey his interest in the land, and Delano evidently intended at the same time to dispose of and convey his own interest through Culver. Within a month after the sale, Culver visited Delano at Mt. Pleasant, Ohio, and there made a report of their joint transactions in land in California, including the transaction under consideration. Delano does not appear to have been at all surprised to find that Culver had taken the notes and mortgage, and must have known from this fact that he had given a deed to the purchasers. It is contended by the appellants that Delano denied that he had given Culver authority to act for him, but an examination of his testimony reveals the fact that he had repudiated merely the right of Culver to make any representations as to what would be done in or about the premises. He never repudiated his right to sell, nor has he ever expressed any dissatisfaction with the terms of the sale or the execution and delivery of the deed. His denial of the right of Culver to make the representations alleged becomes immaterial, in view of the finding of the court that the representations made by Culver were neither fraudulent nor false.

We find nothing in the authorities upon which appellants rely that is opposed to the views we have expressed.

But if it be conceded that the power of attorney was defective or insufficient to authorize a conveyance, the vendors, under the facts shown, would be estopped from claiming that Culver's acts were without authority. The latter claimed the right to convey, and acted upon such claim. Delano ratified his acts by approving the report which he made, by accepting the notes and mortgage, and by insisting upon payment of the balance of the purchase price. (2 Herman on Estoppel, secs. 792, 793; *Simson* v. *Eckstein,* 22 Cal. 595; *Borel* v. *Rollins,* 30 Cal. 413.) Equitable estoppels must be mutual, and if the vendor cannot refuse to convey after receiving and accepting

the benefit of the act done by the agent, it would be in-
equitable to permit the vendee, after taking and holding
possession for several years, making payments and other-
wise treating the contract as valid, to take advantage of
the defect in the agent's original grant of authority.  If
the vendor cannot repudiate the ratified act of his agent
after the property has increased in value, the vendee
should not be permitted to escape from the effect of the
act so ratified after the property has decreased in value.
A similar question was passed upon in a recent and
well-considered case, wherein Mr. Justice McFarland,
expressing the views of the court, said: "The court does
not find whether or not Meux signed the contract or was
a party to it; but the evidence clearly shows that he
ratified it as soon as his co-vendor informed him of it,
and soon afterwards, when he came to Fresno, 'again
ratified the sale between the parties, *and talked with the
purchasers about it.*'  Again, when the deferred payments
became due, he asked the vendees for the money, and
they, making no objection of any kind, simply asked
for some delay until they could make arrangements
to pay.  They proposed at one time to give a mortgage,
and then concluded not to do so.  And finally Meux
united with Glenn in executing and tendering a deed.
This was a complete ratification, and he would have
been estopped from making a defense for himself which
plaintiff seeks to suggest for him."

There is no conflict between the decision in the case
just referred to and the one rendered in *Salfield* v. *Sutter
Co. Land etc. Co.*, 94 Cal. 546, and the facts in the lat-
ter case were entirely different from those shown by the
record herein.

The contention that the court's finding that Culver
made no false or fraudulent representations is against
the evidence cannot be sustained, unless we discredit and
discard the testimony of Culver, and this we have no
right to do.  The credibility of the witness is always a
matter for determination in the court below.

It is not clear that the alleged representations, if

proved, would constitute a defense to the action (Kerr
on Fraud and Mistake, 89; *Jefferson* v. *Hewitt*, 95 Cal.
535); but if conceded to be true, and sufficient to
avoid the sale, appellants are not entitled to a rescission.
The representations alleged were made in July, 1887.
The deed was executed and delivered in September of
the same year. Immediately thereafter, the purchasers
went into possession of the land, surveyed and divided
it into lots and blocks, laid out streets and alleys. Maps
thereof were recorded in the office of the county recorder,
and several lots were sold in accordance therewith.
Within two weeks after the transaction was closed, Cul-
ver ceased sprinkling the streets, and within two months
thereafter ceased lighting the streets. He made no at-
tempt to proceed with the improvements he said he
would make, and in May, 1888, he made an assignment
for the benefit of his creditors, thus acknowledging his
inability to carry out his promises. In March, 1888,
the purchasers paid three thousand dollars on the five-
thousand-dollar mortgage, and in September, 1888, they
asked for an extension of three months' additional time
in which to pay the three-thousand-five-hundred-dollar
notes. Whether this request was granted does not ap-
pear in the testimony, but we think the court was justi-
fied in finding it was, because it does appear that no
action was brought to enforce payment of the same un-
til March 27, 1889. No complaint whatever was made
by the purchasers until January 22, 1889, when Mr.
Thorne, manager for the syndicate purchasers, wrote to
Mr. Delano, inquiring whether the promises made by
Culver were to be fulfilled. The notice of rescission was
not served upon Delano until March 26, 1889. By these
acts and omissions the purchasers recognized the validity
of the notes and mortgages in suit (*Grymes* v. *Sanders*,
93 U. S. 55), and waived their right of rescission of the
contract. (Civ. Code, sec. 1691; *Marston* v. *Simpson*, 54
Cal. 189; *Bailey* v. *Fox*, 78 Cal. 389; *Schiffer* v. *Dietz*, 83
N. Y. 300.)

The failure of Delano to execute a release of the mort-

gage, so far as it affected the lots sold, did not warrant a rescission of the contract. By the terms of the mortgage, the vendors were to " release any particular lot or lots of such subdivision from the lien of this mortgage upon payment to them of such amount for each and every lot so to be released as is expressed by the quotient, taken in dollars, obtained by dividing the entire sum due upon said promissory notes at the date of executing such release by the entire number of lots into which said mortgaged premises shall have been so subdivided according to said map or plat so filed." Delano was not told into how many lots the tract had been divided, nor was any offer made to pay him at any place or time any sum of money whatever. The number of lots into which the tract was to be divided was a matter entirely within the discretion of the purchasers, and it was their duty to tender the amount due on account of the release requested. Furthermore, it appears in the record that the bank released the lots from the lien of the mortgage, and that Culver, acting for himself and as agent for Delano, did the same thing.

The judgments and the orders are affirmed.

GAROUTTE, J., and McFARLAND, J., concurred.

Hearing in Bank denied.