[S. F. No. 1261.  In Bank.—January 23, 1901.]

## JUDSON WHEELER, Respondent, v. FRANKLIN P. BULL, Appellant.

Corporations—Note of President for Corporate Debt—Payment for Corporation by Real Estate Agents—Extinguishment—Untenable Action.—The individual note of the president of a corporation given for its obligation, benefit, and account, and paid with money advanced by real estate agents of the corporation, under an agreement with it for such advance, and for reimbursement out of sales by them of its lands, and which was marked "paid" by the bank that held the note for collection, and without other agreement was handed so marked to the person making the payment, was extinguished by such payment, and could not thereafter be made the basis of an action thereupon in favor of the payor against the maker of the note.

Id.—Possession Held by Payor—Right of Retention—Reimbursement by Corporation.—The fact that the note was not surrendered to the maker, but that possession thereof was retained by the payor, cannot affect the extinguishment of the note by the payment made pursuant to the contract, in fulfillment of the duty to pay the note. The payor had the right to retain it until the corporation should comply with its agreement for reimbursement, and as evidence in support of a claim for reimbursement.

Id.—Findings Against Evidence.—The evidence reviewed, and held insufficient to sustain findings that the note was not paid, and that the plaintiff took it up at the special instance and request of the maker of the note personally.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a new trial. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

A. W. Crandall, for Appellant.

The note having once been paid it cannot afterward be treated as a valid obligation, and no action can be maintained on it. (Civ. Code, sec. 1473; *James v. Yaeger*, 86 Cal. 184; *Wright v. Mix*, 76 Cal. 465; *Moran v. Abbey*, 63 Cal. 56; *Elgin v. Hill*, 27 Cal. 372.)  A note paid with the money of a third

person, without any agreement that it shall be assigned or kept on foot, is extinguished. (18 Am. & Eng. Ency. of Law, 160.) It required the mutual assent of the bank and of the payor to constitute a sale of the note, as distinguished from a payment. (Edwards on Bills, 3d ed., sec. 728.)

J. C. Bates, for Respondent.

The holder of the note taken up at the request of the maker is presumed to be the owner, and its possession is evidence of a right to sue. (*Turner v. Turner*, 79 Cal. 565; *McCann v. Lewis*, 9 Cal. 246; *Frank v. Brady*, 8 Cal. 47; Freeman on Judgments, secs. 471, 472.) All such transactions are looked upon by courts of justice with reference to the intent of the parties and not to the mere matter of form. (*Woods v. Whitney*, 42 Cal. 358; cited in 46 Cal. 263; 63 Cal. 465; 83 Cal. 532; 86 Cal. 294[1]; 98 Cal. 469[2]; *Ingersoll v. Truebody*, 40 Cal. 603; *Peck v. Brummagim*, 31 Cal. 440[3]; *Rhine v. Ellen*, 36 Cal. 362; cited in 75 Cal. 532; 96 Cal. 110.[4])

HARRISON, J.—The appellant executed his promissory note, June 21, 1889, for the sum of three thousand seven hundred and fifty dollars, payable ninety days after date, to the order of Frank C. De Long. De Long placed the note with the First National Bank of San Francisco for collection, and on the day of its maturity the plaintiff paid to the bank the sum of three thousand eight hundred and twenty-five dollars—the amount then due thereon, with accrued interest—and thereupon the bank marked the note "Paid," and delivered it to him. The present action is brought to recover from the defendant the amount of the note, with interest thereon according to its terms, the plaintiff alleging that he had made the payment and taken the note out of the bank at the request of the defendant, and upon his representation that it was an obligation of the corporation "Home and Farm Company," of which he was president, and had guaranteed its repayment. The defendant in his answer denied these allegations,

[1] 21 Am. St. Rep. 39.
[2] 35 Am. St. Rep. 192.
[3] 89 Am. Dec. 195.
[4] 31 Am. St. Rep. 192.

and alleged that the note had been paid and discharged. The court found that the plaintiff took up the note at its maturity, at the special instance and request of the defendant, paying therefor to the bank, who was its holder, its face value, with accrued interest, and at that time received the note from the bank, and had ever since been the holder and owner thereof; that the note had never been paid, and that the whole amount thereof was due from the defendant to the plaintiff. Judgment was thereupon rendered in favor of the plaintiff for the amount of the note and the defendant's motion for a new trial was afterward denied. The present appeal is from the order denying a new trial.

The question upon which the rights of the parties depend is whether the transaction between the plaintiff and the bank constituted a purchase and transfer of the note, whereby its validity was preserved, or whether it was a payment by which the obligation of the note was extinguished. No importance is to be attached to the fact that the transaction is in some parts of the record called "taking up" the note, rather than a payment. The effect of the transaction is to be determined by the circumstances under which it took place, and not by the term which the parties may have given it. The maker of a note is frequently said to take it up when he pays it.

It sufficiently appears from the evidence that although the note is in form the individual note of the appellant, it was in fact an obligation of the corporation "Home and Farm Company," of which he was the president, and that it was executed for its benefit and account. After its execution and prior to its maturity this corporation had entered into an agreement with the firm of D. J. Wheeler & Co., by which that firm was employed to make sales of its lands, and in which it agreed to pay this note at its maturity, if a sufficient amount therefor should at that time have been received from the sales of the land; and the firm of D. J. Wheeler & Co. agreed therein that if the funds received by the corporation were not sufficient therefor, they would advance the amount to the corporation "for the purpose of paying the same," and the corporation agreed that the amount so advanced should be returned as soon as the money received from the sales would permit. When the

note matured the sales of the land had not yielded enough to enable the corporation to pay its amount, and on that day, at the request of Mr. Koscialowski, one of the members of the firm of D. J. Wheeler & Co., the plaintiff accompanied him to the office of the corporation in reference to taking up the note. Upon arriving there a conversation thereon was had with the appellant in which, in reply to questions from them, he showed the sources from which returns from sales were expected within a few days, and told them that upon their receipt the corporation would reimburse whatever should be advanced for taking up the note according to its agreement with the firm. The plaintiff at first refused to have anything to do with the transaction, and left the office. Very soon after Koscialowski returned and presented an agreement in the form of a letter addressed to D. J. Wheeler & Co., and said to Mr. Bull that if he would sign that agreement "they would get the money and pay off this note as they had agreed." The agreement, in addition to other matters, stated: "As to the amount of three thousand eight hundred and twenty-five dollars advanced by you, it will be returned to you out of the amount due from De Voto on the 1st of October, 1889." Bull thereupon signed the agreement in the name of the corporation and as its president. Thereafter the plaintiff and Koscialowski went together to the bank, where the note had been placed for collection, for the purpose of taking it up, and the plaintiff paid the amount to the bank, upon which the clerk stamped the word "Paid" upon the face of the note, and it was taken away by the plaintiff. The money which the plaintiff paid to the bank had been obtained by him that afternoon from Maurice Dore, upon the promissory note of D. J. Wheeler & Co., indorsed by himself. Koscialowski thereupon sent a note to Bull stating, "The note is paid."

Upon these facts it must be held that the finding of the court that the note has never been paid by anyone is not only not sustained by the evidence, but is contrary thereto. The firm of D. J. Wheeler & Co. had agreed that at the maturity of the note they would advance the money "for the purpose of paying the same," and they sought the aid of the plaintiff in order that they might carry out this agreement. They gave their note to Maurice Dore that they might obtain the money for this pur-

pose and for the purpose of securing Dore thereon the plaintiff indorsed their note. Koscialowski went with the plaintiff to the bank for the purpose of taking up the note, as his firm had agreed. The bank simply held the note for collection, and had no authority to deal with it, except to receive its amount in payment. Nothing was said at the bank by either party indicating that the transaction was other than a payment, and upon the receipt of the money the bank stamped the note "Paid" without any objection, and handed it to the plaintiff. This was a full performance of the obligation on behalf of D. J. Wheeler & Co., whose duty it was to pay the note and was accepted by the bank, and the obligation was, therefore, extinguished. (Civ. Code, sec. 1475; *Moran v. Abbey,* 63 Cal. 56; *Lancey v. Clark,* 64 N. Y. 209[5]; *Burr v. Smith,* 21 Barb. 262). This extinguishment of the obligation of the note is not affected by the fact that the note was not surrendered to the maker. It was proper for the plaintiff to retain it until the corporation should comply with its agreement for reimbursement, as evidence in support of a claim therefor.

Neither does the evidence sustain the finding that the plaintiff took up the note at the special instance and request of Bull. It does not appear that Bull ever made any request of the plaintiff to take up the note or to furnish the money therefor, or made any statement to him other than in accordance with the agreement that had been made with the firm of D. J. Wheeler & Co. His statement that the corporation would soon be in funds with which to reimburse the advance that might be made for taking up the note was only the expression of an opinion and the facts upon which his opinion was based were exhibited at the time, and it was given in reply to interrogatories put to him. The plaintiff had full knowledge of the contract between the firm and the corporation, and acted at the instance of the firm for the purpose of enabling it to carry out the terms of that agreement. The statements of Bull were with reference to a reimbursement of the advance that might be made on behalf of the firm under that agreement, but whether the money should be advanced directly by the firm or by another at its

---

[5] 21 Am. Rep. 604.

instance did not change the obligation of the corporation to reimburse the firm in accordance with the terms of its agreement.

The order denying a new trial is reversed.

Temple, J., Henshaw, J., Garoutte, J., and Van Dyke, J., concurred.