H. T. Julius Fuehrman, Respondent, v. William H. McCord and Theodore Hapke, Appellants.

*Contract to deliver stock — effect of the stock being at the time pledged to one of the purchasers to secure the indebtedness of a third person — an adoption by the vendor of the delivery made under the pledge fulfills the contract — a delivery to one of two joint purchasers is good.*

One Fuehrman made a contract with parties named McCord and Hapke, whereby in consideration of certain payments to be made to him by said parties, he agreed, among other things, to turn over to the latter "all the stock of the American Construction and Supply Company now owned by him."

At the time the contract was made both McCord and Hapke knew that the stock owned by Fuehrman had been assigned to McCord as collateral security for a promissory note given by the American Construction and Supply Company to McCord.

*Held*, that under the circumstances it was not incumbent upon Fuehrman to deliver the stock unincumbered to McCord and Hapke:

That it was only necessary for Fuehrman to adopt the previous delivery of the stock to McCord and to relinquish to McCord and Hapke all his right, title and interest in the stock and that he had done this by executing the agreement;

That, as the contract was made by both McCord and Hapke and contained no words of severance to indicate several responsibility, it was the joint obligation of both McCord and Hapke and that the delivery of the stock to one of them was as effective as a delivery to both.

Appeal by the defendants, William H. McCord and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 7th day of March, 1905, upon the decision of the court rendered after a trial before the court without a jury at the New York Trial Term.

*Nathaniel S. Smith,* for the appellants.

*William H. Leonard Edwards,* for the respondent.

Judgment affirmed on opinion of the court below.

Present — O'BRIEN, P. J., PATTERSON, INGRAHAM, McLAUGHLIN and HATCH, JJ.

The following is the opinion of CLARKE, J., delivered at the New York Trial Term:

CLARKE, J.:

This action is submitted upon the pleadings and an agreed statement of facts. The complaint sets forth a written contract, alleges performance by plaintiff of all its conditions and that defendants have not paid to plaintiff an installment of $3,750 due thereon. Judgment is demanded for such sum. The answer denies that plaintiff has duly performed all the conditions of said agreement. In the contract plaintiff "agrees to turn over" to defendants "all the stock of the American Construction and Supply Company now owned by him," and all claims he has against said company, and not to give any acceptance of work done by any sub-contractor, in his former capacity as chief engineer and executive officer of the company, to give a statement in writing showing what work has already been accepted and to resign as chief engineer and executive officer. In consideration of which defendants agree to pay plaintiff $10,000 as follows: $2,500 on signing the agreement, $3,750 on September 1, 1903, and $3,750 on December 1, 1903. The facts agreed on are: The execution on March 1, 1903, of the contract stated, that defendants have not paid to plaintiff the installment of $3,750 payable December 1, 1903; that plaintiff had no claims against the company, has not given any acceptances and has given the statement and resigned, as provided in the contract: "VI. On or about November 11, 1901, all of the stock of the American Construction and Supply Company at any time owned by the plaintiff was assigned to William H. McCord, one of the defendants herein, and the certificates for said stock, duly indorsed in blank, were placed in the possession of said McCord as collateral security for the payment of a certain promissory note of that date, given by

American Construction and Supply Company to said McCord for the moneys loaned by him at said date to said company. No part of said moneys have* been paid by said company to said McCord, and he still holds said stock as collateral security, as aforesaid. All of said facts stated in this paragraph, numbered VI, were known to both defendants herein at the date of the execution of said written agreement of March 1, 1903."

It is clear, from the contract itself, that it was the intention of the parties that plaintiff was to sever his connection with the company both as chief engineer and executive officer and as a stockholder. This he has done. Before the execution of the contract a loan had been made by one of the defendants to the corporation upon its note. The plaintiff's stock, indorsed in blank, was held by said defendants as security. But under what circumstances the loan was negotiated does not appear. It is not shown that plaintiff was under any obligation to the corporation or to said defendant with reference to the loan or note. There was no concealment or misrepresentation. Both defendants knew that the stock mentioned in the contract was already indorsed by plaintiff in blank and in the possession of one of the defendants. The contract is made by both defendants and contains no words of severance to indicate several responsibility. It is, therefore, the joint obligation of the defendants. (Pars. Cont.† *11; *Booth Brothers* v. *Baird*, 83 App. Div. 495; *Rosenzweig* v. *McCaffrey*, 28 Misc. Rep. 485; *Rider Life Raft Co.* v. *Roach*, 97 N. Y. 379.) A delivery of the subject-matter of such a contract to one of the joint obligors is as effective as a delivery to both. (*Carman* v. *Pultz*, 21 N. Y. 547; *People ex rel. Eagle* v. *Keyser*, 28 id. 226; *Havens* v. *Patterson*, 43 id. 218.) As the stock had already been delivered to one of the defendants it was only necessary for plaintiff to adopt the previous act of delivery by agreement and to relinquish to defendants all his right, title and interest in the stock. The subject of the agreement was "all the stock" of the company "now owned" by the plaintiff. That his ownership was at that time qualified by the pledge to one of the defendants was known to both of them. By executing the agreement "to turn over" all the stock now owned by him plaintiff adopted the previous act of delivery and

---

* Sic.        † See vol. 1 (9th ed.) *11.— [Rep.

transferred all his right to the stock in question. He thereby relinquished all claim which he had to the stock. Under the special circumstances of this case an agreement to turn over all stock now owned does not imply an undertaking to deliver the stock unincumbered. Such a construction would require plaintiff to do that which he is without power to do, by reason of the possession by one of the defendants of the very subject-matter which plaintiff is called upon to deliver. The plaintiff was to have no further part in the management of the corporate affairs, as he was to sever his connection with the company. Had the parties intended that plaintiff was to procure payment of the debt of the corporation it would have been natural to expressly state such fact. The effect of the agreement, in view of the circumstances known to all the parties, was to turn the special right to possession, which one of the defendants already had by reason of his lien upon the stock, into an absolute right of ownership in both the defendants jointly, subject only to the same special lien of one of them. Judgment may be entered for the plaintiff for $3,750, with interest from December 1, 1903.