FRANK LASKY, Plaintiff, *v.* ANNA LISSIK and Another, Defendants.

Supreme Court, Broome County, July 18, 1931.

*Wales, Riley & Fischette,* for the plaintiff.

*Edward F. Ronan* [*John D. O'Loughlin* of counsel], for the defendants.

McNAUGHT, J. The court had a right, when the motion was made for a nonsuit, pending its decision on such motion, to submit the question of fact it considered remained in the case for a special verdict by the jury. (*Greenpoint Nat. Bank* v. *Gilbert,* 237 N. Y. 19; *Novak* v. *Melnyk,* 224 App. Div. 492.)

Whatever term may be applied to the instrument which is the foundation of the action, whether it be promissory note, agreement, covenant or contract, its execution, the fact that defendants received $900 at the time of its execution, and the provisions of the instrument, were not in dispute.

The plaintiff seeks to recover because of the instrument an equal one-half of the sum mentioned as having been loaned to the defendants. He contends that such one-half of the amount has not been paid to him, and the defendants concede it. No question of fact arises over the instrument, but the legal effect of its terms is in doubt.

There was a disputed question of fact as to the payment of the full amount specified in the instrument to Mary Lasky. Defendants contended that such payment was made in the presence of, or with the knowledge of plaintiff, which plaintiff denied. The only question involved was whether the payment was made to Mary Lasky or not, and such question has been resolved by the jury by its verdict in favor of the contention of the defendants.

The plaintiff bases his cause of action upon the theory that under the instrument which was executed by the defendants, plaintiff and Mary Lasky were tenants in common of the right to the fund when repaid; that each has an equal share therein, and plaintiff may maintain an action against defendants to recover his equal one-half of the $900 loaned.

We believe the plaintiff is in error as to the law. The sole question is whether the obligation of the makers of this instrument was joint and the rights of the payees were likewise joint. At common law a note in the form of this instrument was regarded

as a joint obligation only. (*Yorks* v. *Peck*, 14 Barb. 644.) The Negotiable Instruments Law has not changed the common law in this respect. (*First National Bank of Marathon* v. *Knickerbocker*, 126 Misc. 467.) If the agreement be termed a contract, it was a joint one. The defendants obligated themselves jointly to perform what was required by its conditions, and the obligations they agreed to perform were to be performed to Frank Lasky and Mary Lasky [jointly. (*Rider Life Raft Co.* v. *Roach*, 97 N. Y. 378, 382; *Fuehrman* v. *McCord*, 107 App. Div.. 12, 14; affd., 186 N. Y. 566.)

The same rule has been applied to the liability of sureties on an undertaking. (*Wood* v. *Fisk*, 63 N. Y. 245.) Neither the obligors nor obligees, promisors or promisees, whichever term may be applied to the parties to the instrument involved, in any manner by any provision of the instrument assumed a several liability or acquired a several right. Upon the disputed question of fact the jury have found, and the verdict is amply sustained by evidence, that defendants paid the whole amount of the obligation to Mary Lasky. Did Mary Lasky have a right to receive such payment, and did payment to her discharge the defendants and relieve them from all liability upon the instrument? The instrument was delivered, as the jury have necessarily found, by Mary Lasky to the defendants, and was produced upon the trial by the defendants. Many years ago Chancellor KENT enunciated the principle: " It is a general principle of law, that where two have a joint personal interest, the release of one bars the other (*Ruddack's case*, 6 Co. 25)." (*Pierson* v. *Hooker*, 3 Johns. 68.)

It is a general rule, so well established as not to require extended discussion, that promises by two or more persons create a joint duty unless the contrary is stated. It is a general presumption of law that when two or more persons undertake an obligation, they undertake jointly, words of severance being necessary to overcome this primary presumption. (*U. S. Printing & Lithograph Co.* v. *Powers*, 233 N. Y. 143, 152.)

Where two persons have entered into a joint contract for the purchase of land as between the vendor and the joint vendees the contract is single. So far as the rights of the vendor are concerned, the vendees constitute but one party and he is not bound to recognize any duality of rights as existing between them. (*Carman* v. *Pultz*, 21 N. Y. 547, 550.) The same is true of a mortgage given to two individuals jointly. It may be paid to either of the joint mortgagees and a satisfaction executed by one is a sufficient discharge of the mortgage and entitles the same to be canceled of record. (*People ex rel. Eagle* v. *Keyser*, 28 N. Y. 226.)

The rule is of general application in all classes of obligations that where they are payable to individuals jointly and there are no words indicating a several liability, a payment to one of the joint obligees, payees, promisees or mortgagees is a discharge of all liability upon the obligation as to the other parties having joint rights by the terms of the instrument. This principle has been again reiterated in the American Law Institute's Restatement of the Law of Contracts, where it is provided in relation to the power of a joint obligee to sue, discharge or receive tender on behalf of co-obligees as follows:

" (a) any joint obligee may sue for the enforcement of the promise in the name of all the joint obligees; he also has the power to discharge the promisor by collection and receipt of the performance promised or by release or otherwise;

" (b) a discharge by a joint obligee of his individual right operates as a discharge of the joint right of all;

" (c) a tender to one of several persons jointly entitled is equivalent to a tender to all of them." (Chap. 5, § 130.)

The payment by the defendants to Mary Lasky of their obligations under the instrument upon which this action is founded, was a full satisfaction of their obligation and liability. The plaintiff has, therefore, failed to establish a cause of action against the defendants.

The court does not pass upon the question of whether the plaintiff, as between himself and his co-obligee, has or has not a cause of action.

The motion for a nonsuit and dismissal of the complaint, decision upon which was reserved, is granted upon the ground that the plaintiff has failed to establish facts sufficient to constitute a cause of action.

The motion of plaintiff for a new trial upon all of the grounds stated by him upon the record is denied.

Submit orders and judgment of dismissal accordingly.