[Sac. No. 5415.   In Bank.   Aug. 21, 1942.]

BENJAMIN A. COBER et al., Respondents, v. P. CON-
NOLLY et al., Appellants.

Preston & Gibson for Appellants.

Hale McCowen for Respondents.

EDMONDS, J.—In an action to quiet title and to require a reconveyance of real property, judgment was rendered for the respondents when they proved that they had rendered services and delivered merchandise to one of the payees of a promissory note under an agreement that the value of the services and merchandise should be credited upon the note. The appellants, one of whom is also a payee of the note and the other the trustee named in the deed of trust securing it, contend that the makers of a promissory note providing for payment in cash may not extinguish the obligation by the performance of such an agreement with one of several joint payees.

The respondents Cober, husband and wife, executed their promissory note in the sum of $850, in favor of Keith C. Eversole, W. D. L. Held, and the appellant Connolly. As security for its payment, they conveyed certain real property to the appellant Mendocino County Title Company, as trustee. The payees of the note were named as the beneficiaries of the deed of trust. Later, Eversole agreed to accept from the respondents job printing, the publication of legal notices, hotel cards, and newspaper subscriptions, as ordered by him, in payment of the obligation.

During the next five years Cober furnished to Eversole, upon his order, printing and advertising to the value of $1,255. About $290 of that amount represented goods delivered to Eversole; the remainder of the charges was for printing delivered to other persons. Cober also paid $25 or $30 in cash. The respondents did not tell Connolly of this arrangement and he had no notice of it. Eversole did not account to Connolly and is now insolvent.

The respondents subsequently demanded a reconveyance of the property from the appellant corporation. Upon the latter's refusal to comply with their demand, they commenced the present action, alleging that the promissory note had been paid in full. By their answer, the appellants denied payment of the note and prayed for judgment against the Cobers for the full amount of the principal sum with accrued interest. The trial court found that the respondents had paid the note in full, and gave judgment as demanded by them.

According to the appellants, although section 1475 of the Civil Code provides that payment to one of two or more payees extinguishes the obligation, the basis for the statutory rule is founded upon principles of agency. Since one co-payee acts as an agent for the other payees, payment to

him is payment to all. But, argue the appellants, where the obligation calls for payment in cash, an agent may not accept payment in goods or services without the consent of his principal. Similarly, they assert, one co-payee may not extinguish an obligation as to his co-payees by accepting, without their consent, a performance in a manner not bargained for by them. The appellants further contend that even if performance can be made by delivering goods and furnishing services to one of the co-payees, the respondents should not be credited with merchandise supplied to one not a party to the note. They also rely upon the rule that where one of two innocent parties must suffer by the act of a third person which caused a loss, the one who enabled the latter to perform that act must bear the loss.

In reply, the respondents assert that the question presented by the appeal does not depend upon section 1475 of the Civil Code, but rather upon section 1476 of that code, which provides: ''If a creditor, or any one of two or more joint creditors, at any time directs the debtor to perform his obligation in a particular manner, the obligation is extinguished by performance in that manner, even though the creditor does not receive the benefit of such performance.'' Measuring the judgment by the standards found in that section, they say, Eversole, one of three joint creditors, directed Cober to perform in a particular way and Cober did so. And even though Eversole did not directly receive all of such performance, under the terms of the section, the obligation is extinguished. The respondents agree that a joint creditor in accepting performance is acting in the capacity of an agent, but they contend that since the other joint creditors selected Eversole as a business associate and invested him with the authority of an agent, thereby enabling him to act in a manner which has resulted in a loss, the appellants cannot recover from them.

Objecting to the respondents' construction of section 1476, the appellants maintain that this section does not permit a debtor to pay something other than the exact consideration called for in the obligation, but allows the obligation to be extinguished only after the debtor has followed the directions of the creditor as to how the consideration called for in the obligation shall be transmitted to the creditor. Section 1476, they say, codifies the common law rule that the risk of employing a manner of transmitting payment is on the debtor,

unless one of the creditors directs a particular method to be used, in which case the risk of transmission shifts to the creditor. Thus, if a creditor directs the money to be sent in the ordinary course of the mail, and the debtor mails the money but the payment is lost in transit, the obligation is satisfied "even though the creditor does not receive the benefit of such performance."

A right created in favor of several persons is presumed to be joint, and not several, and this presumption can be overcome only by express words to the contrary. (Civ. Code, § 1431; *Brady* v. *Reynolds,* 13 Cal. 31.) The note in the present action contains only the unqualified general promise of the respondents "to pay to Keith C. Eversole, W. D. L. Held and P. Connolly, or order" a stated amount. In this form it created a joint right in favor of the three payees. (*Lasky* v. *Lissik,* 140 Misc. 826 [251 N. Y. Supp. 753].)

Section 1476 was enacted in 1872, but has never been construed by an appellate court of this state. The wording of the section is identical with that of section 702 of the Field Draft of the Civil Code of New York, enacted in 1865. The Code Commissioners of New York, in their ninth and final report, said of the provision: "Thus, if the creditor directs money to be sent to him by mail, it is at his risk (*Graves* v. *Amer. Exch. Bank,* 17 N. Y. [205] 207; *Eyles* v. *Ellis,* 4 Bing. 112)." In a preliminary draft of the same code prepared by the code commissioners in 1862 and submitted for examination prior to revision, the section read: "Payment is complete, and the debt extinguished, upon the debtor's making payment in the manner directed by the creditor, even though the thing paid should never reach the creditor." The code commissioners based the wording of this section on the two cases cited in the annotation to the final draft of 1865. From this legislative history, it is apparent that the statute was directed to the manner of transmission and not to the payment of something other than originally bargained for by the parties to the agreement.

Section 1475 is, however, determinative of this appeal. "An obligation in favor of several persons is extinguished by performance rendered to any of them. . . ." (Applied in *Bailes* v. *Keck,* 200 Cal. 697 [254 Pac. 573, 51 A. L. R. 930]; *Hoover* v. *Wolfe,* 167 Cal. 337 [139 Pac. 794]; *Delano* v. *Jacoby,* 96 Cal. 275 [31 Pac. 290, 31 Am. St. Rep. 201]; *Wright* v. *Mix,* 76 Cal. 465 [18 Pac. 645]; *Barnes* v. *Osgood,* 103 Cal. App. 730 [284 Pac. 975].) None of the

California cases construing this section was decided upon facts such as those before the court in the present action, and it is true, as contended by the appellants, that when one of two or more joint creditors accepts payment of the obligation, he holds the proceeds as a trustee or agent for them and is directly accountable to them as such. But so far as the debtor is concerned, the co-obligee is more than a mere agent; he is the owner of the obligation. "Since each of several joint obligees is interested in the entire claim, he has the power to discharge the entire claim either by release or by accord and satisfaction, and so a payment or other performance of the whole obligation to one obligee discharges it; and a tender to one is legally a tender to all." (2 Williston on Contracts [rev. ed. 1938], § 343, p. 1014 [and see cases there cited in footnotes 2, 3 and 4].) Section 130 of the Restatement of the Law of Contracts provides: "Except as the rules of this Section are qualified by section 131 . . . a discharge by a joint obligee of his individual right operates as a discharge of the joint right of all." Section 131 reads: ". . . A discharge of the promisor by an obligee in fraud of a co-obligee is inoperative to discharge the promisor's duty to the extent of the co-obligee's interest in the performance, if the promisor gives no value or knows, or has reason to know of the fraud."

The appellants do not claim that the Cobers did not give value, or that they had any knowledge concerning Eversole's failure to account to the other payees of the note. The fact that much of the printed matter went to others than Eversole, or that Eversole made gifts of many subscriptions of Cober's newspaper, is immaterial, as all such services and supplies were ordered by Eversole with the understanding that they should be credited by him on the note. The performance of the services and the furnishing of the supplies effectually discharged Eversole's individual right against the respondents, and, under the general rule, also discharged the debt as to all of the obligees. The fact that the note was not surrendered to the maker is immaterial. (*Wheeler* v. *Bull*, 131 Cal. 421, 425 [63 Pac. 732].)

The judgment is affirmed.

Gibson, C. J., Shenk, J., Curtis, J., Carter, J., and Ward, J. pro tem. concurred.

Appellants' petition for a rehearing was denied September 14, 1942.