**LIEBMAN et al. v. UNITED STATES, for Use and Benefit of CALIFORNIA ELECTRIC SUPPLY CO.**

No. 11102.

Circuit Court of Appeals, Ninth Circuit.

Feb. 4, 1946.

Joseph C. Haughey, of San Francisco, Cal., for appellants.

Edward T. Mancuso and Leslie M. Julian, both of San Francisco, Cal., for appellee.

Before GARRECHT, DENMAN, and ORR, Circuit Judges.

GARRECHT, Circuit Judge.

Ben Liebman in February, 1943, entered into a contract with the United States of

America to construct additional housing, Oakland Municipal Airport, Alameda County, California. Pursuant to the Miller Act,[1] Ben Liebman as principal and the Massachusetts Bonding and Insurance Company as surety executed a payment bond in the amount of $35,237.00 to insure prompt payment by Liebman to all persons supplying labor and materials in the prosecution of the work provided for in said contract.

The California Electric Supply Company furnished electrical fixtures and materials in the amount of $1438.52 to Ætna Electric Company, a subcontractor of Liebman, during February, March and April, 1943, which said electrical fixtures and supplies were installed in the housing project in accordance with the terms and conditions of said government contract. The Ætna Electric Company could not pay its indebtedness, and on May 24, 1943 the California Electric Supply Company served "Notice to Withhold and Verified Claim" on Liebman, the surety and the San Francisco Office of U. S. Engineers, Construction Division, War Department, U. S. Army. At the time of the service of the notice, there was money in the hands of the U. S. Engineers payable under said contract and in excess of the claim of the California Electric Supply Company.

In August, 1943, the Ætna Electric Company filed a petition in bankruptcy. The California Electric Supply Company filed a claim against the bankrupt's estate in the amount of $1,438.52 and asserted this to be a priority claim on the basis of the Miller Act. The referee refused to rule on the claim as the funds were not in court and Liebman, because of the notice to withhold, refused to pay over the amount owing Ætna Electric Company until there was an order of the court directing to whom it was to be paid. To avoid a suit by the trustee, the parties entered into a written stipulation, the provisions of which are:

"It is hereby stipulated by and between Ben Liebman, California Electric Supply Company, a corporation, and John O. England, as Trustee in Bankruptcy of the above bankrupt corporation, as follows:

"1. That Ben Liebman is indebted to Ætna Electric Company the above named bankrupt corporation in the sum of $3230.67 and that California Electric Supply Company, a creditor of said bankrupt corporation, has filed its proof of claim in the sum of $1438.52 to which said proof of claim is attached a copy of a Notice addressed to said Ben Liebman to withhold payment of said amount owing by him to the bankrupt corporation being a portion of his total indebtedness of $3230.67.

"2. That John O. England, as Trustee, has made demand upon Ben Liebman for

---

[1] Title 40 U.S.C.A. §§ 270a, 270b.

"§ 270b. Same; rights of persons furnishing labor or material

"(a) Every person who has furnished labor or material in the prosecution of the work provided for in such contract, in respect of which a payment bond is furnished under section 270a of this title and who has not been paid in full therefor before the expiration of a period of ninety days after the day on which the last of the labor was done or performed by him or material was furnished or supplied by him for which such claim is made, shall have the right to sue on such payment bond for the amount, or the balance thereof, unpaid at the time of institution of such suit and to prosecute said action to final execution and judgment for the sum or sums justly due him: Provided, however, That any person having direct contractual relationship with a subcontractor but no contractual relationship express or implied with the contractor furnishing said payment bond shall have a right of action upon said payment bond upon giving written notice to said contractor within ninety days from the date on which such person did or performed the last of the labor or furnished or supplied the last of the material for which such claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor was done or performed. Such notice shall be served by mailing the same by registered mail, postage prepaid, in an envelop addressed to the contractor at any place he maintains an office or conducts his business, or his residence, or in any manner in which the United States marshal of the district in which the public improvement is situated is authorized by law to serve summons.

"(b) Every suit instituted under this section shall be brought in the name of the United States for the use of the person suing, in the United States District Court for any district in which the contract was to be performed and executed and not elsewhere, irrespective of the amount in controversy in such suit, but no such suit shall be commenced after the expiration of one year after the date of final settlement of such contract. The United States shall not be liable for the payment of any costs. * * *"

the payment of said sum of $3230.67 and the said Liebman has refrained from making payment of $1438.52 of said amount upon advice of his counsel on account of said Notice of California Electric Supply Company, a corporation, to withhold referred to in the preceding paragraph.

"3. That California Electric Supply Company, a corporation, consents that the said sum of $1438.52 be paid by Ben Liebman to John O. England, as Trustee in Bankruptcy, providing he agrees to hold said entire sum until the further order of the above entitled court.

"4. That John O. England, as Trustee in Bankruptcy, agrees with Ben Liebman and California Electric Supply Company, a corporation, to accept the sum of $1438.52 from Ben Liebman and to hold the entire amount until the further order of the above entitled court."

The referee subsequently rendered a decision determining the claim was not a priority claim.

The California Electric Supply Company as use-plaintiff then instituted suit against Liebman and the surety on the payment bond. During the trial Jeanette Liebman, administratrix of the estate of Ben Liebman, deceased, was by stipulation substituted in the place and stead of Ben Liebman, deceased. Jury trial was waived, the District Court heard the case and entered judgment jointly and severally against Jeanette Liebman, administratrix, and the Massachusetts Bonding and Insurance Company, in the amount of $1438.52 with interest thereon at the rate of seven per cent (7%) on said judgment to be reduced by any amounts theretofore or hereafter paid to California Electric Supply Company, on account of said claim out of the estate of Ætna Electric Company, a bankrupt.

The administratrix and the surety are appellants here. There is only one question on this appeal and that is whether the stipulation entered into between the parties constituted a release or waiver of the obligation on the surety bond under the Miller Act.

▮ The language of the stipulation is a mere recital of the circumstances under which the controverted sum was deposited with bankruptcy court. As the lower court stated there is no language in the stipulation expressing or suggesting a release from the obligation under the surety bond. The record discloses no written or oral waiver or release of rights under the Miller Act.

The purpose of the Miller Act is to protect those who furnish materials or labor or both for public buildings and to insure the payment in full for such materials and labor. The right to sue on the surety bond is a right created by statute, and in the absence of a novation, the appellants' contention that there was a waiver or release of that right must fail.

▮ Appellants urge that the California Electric Supply Company by entering into the stipulation is now estopped from seeking relief on the surety bond. Because they relied upon the stipulation as a waiver of rights to sue on the payment bond, appellants claim they have placed themselves in the position where they will have to pay this obligation twice. The materialman here receives payment but once. Appellants' position has not been changed prejudicially. The situation here would be the same if there had been no stipulation at all.

Appellants' argument "B," appearing in the brief, is without merit but we feel constrained to deal with it as the appellants assert it cannot be answered. Appellants' reasoning is: the participation in the stipulation amounted to a direction of payment by the creditor, and under section 1476 of the California Civil Code, the California Electric Supply Company cannot now claim non-payment. The California statute is as follows:

"§ 1476. Effect of Direction by Creditors. If a creditor, or any one of two or more joint creditors, at any time directs the debtor to perform his obligation in a particular manner, the obligation is extinguished by performance in that manner, even though the creditor does not receive the benefit of such performance."

▮ In the first place, the California Supreme Court has held this section refers to nothing more than the mode of transmission of payment and not to the payment of something other than originally bargained for. The California Court illustrated this further: "Thus, if the creditor directs money be sent to him by mail, it is at his risk." Cober v. Connolly et al., 20 Cal.2d 741, 128 P.2d 519, 521, 142 A.L.R. 367.

▮ This contention of appellants is bottomed on the Erie R. Co. v. Tompkins rule. The Erie R. Co. v. Tompkins case, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188, 114 A.L.R. 1487, plainly states: "Except in matters governed by the Federal

Constitution or by acts of Congress, the law to be applied in any case is the law of the state." This case was brought in the name of the government under a federal statute.

The judgment is affirmed.