[No. E006307. Fourth Dist., Div. Two. Oct. 23, 1990.]

DAVID W. CORNWELL, Plaintiff and Appellant, v.
BANK OF AMERICA NATIONAL TRUST AND SAVINGS
ASSOCIATION, Defendant and Respondent.

**COUNSEL**

Cornwell, Powell, Keavney & Hackett, Richard P. Keavney and David W. Cornwell for Plaintiff and Appellant.

George W. Coombe, Jr., Winslow Christian, Ullar Vitsut, John C. Fauvre and Debbie L. Young for Defendant and Respondent.

**OPINION**

**HOLLENHORST, Acting P. J.**—This appeal arises from plaintiff David W. Cornwell's assertion that he paid a mortgage payment by mailing a check to defendant Bank of America. The check was apparently lost in the mail and never cashed. Plaintiff contends that the trial court erred in refusing to grant his motion for summary judgment. Instead, the trial court

granted defendant's motion for summary judgment and awarded it attorneys' fees and costs.

## FACTS AND ISSUE

The facts in this case are essentially undisputed, and both parties moved for summary judgment.

According to the complaint for declaratory relief, plaintiff and others purchased real property in Lake Arrowhead in 1973. Later that year they borrowed $22,000 from the Bank of America to construct a home on the property. The promissory note was secured by a deed of trust on the property. The note requires monthly payments of $174.46. Except for the payment in issue, plaintiff has made all regular monthly payments on the property, using payment coupons and envelopes furnished by defendant. Because the bank had not received the missing payment, it eventually threatened to foreclose on the deed of trust. After the complaint was filed, the parties stipulated that there would be no foreclosure until the issue was decided.

Plaintiff filed his motion for summary judgment on August 12, 1988. The motion was based on plaintiff's contention that, as a matter of law, he paid the January 1987, loan payment by mailing a check for $174.46 to the bank. Despite the bank's assertion that it never received the check, plaintiff contended, as he does here, that he made the payment when he mailed the check as directed by defendant.

Defendant bank filed its own motion for summary judgment in September 1988. It contended that it never received the subject check, it never negotiated the subject check, and the plaintiff's account was never debited for the subject check. Accordingly, it contended that "payment" had not been made.

The issue, therefore, is whether the borrower or the bank bears the risk of loss for a check which goes astray in the mail.

The trial court refused to accept plaintiff's theory that deposit of a check in the mail constituted payment even if the check was never received or negotiated. It therefore granted the bank's summary judgment motion.[1]

---

[1] According to the notice of ruling, the trial court denied plaintiff's motion for summary judgment as moot. Plaintiff argues that this ruling of the trial court was error. In response, the bank contends that we do not need to consider this argument because the judgment only granted the bank's motion for summary judgment and the notice of appeal was only from the judgment in favor of Bank of America.

Although we have considered the issues raised by plaintiff, we agree with the trial court that it did not need to rule on plaintiff's motion because the bank's motion was granted.

## CIVIL CODE SECTION 1476

Plaintiff's theory rests upon Civil Code sections 1478 and 1476. Section 1478 defines "payment" as follows: "Performance of an obligation for the delivery of money only, is called payment."

Civil Code section 1476 states: "If a creditor, or any one of two or more joint creditors, at any time directs the debtor to perform his obligation in a particular manner, the obligation is extinguished by performance in that manner, even though the creditor does not receive the benefit of such performance." Plaintiff contends that the bank directed him to mail payments, that he did so, and that the mailing thereby extinguished the obligation even though the check was lost in the mail.

Civil Code section 1476 has been rarely used or cited. In *Cober* v. *Connolly* (1942) 20 Cal.2d 741, 744 [128 P.2d 519, 142 A.L.R. 367], our Supreme Court discussed the history of this section as follows: "Section 1476 was enacted in 1872, but has never been construed by an appellate court of this state. The wording of the section is identical with that of section 702 of the Field Draft of the Civil Code of New York, enacted in 1865. The Code Commissioners of New York, in their ninth and final report, said of the provision: 'Thus, if the creditor directs money to be sent to him by mail, it is at his risk [citations].' In a preliminary draft of the same code prepared by the code commissioners in 1862 and submitted for examination prior to revision, the section read: 'Payment is complete, and the debt extinguished, upon the debtor's making payment in the manner directed by the creditor, even though the thing paid should never reach the creditor.' The code commissioners based the wording of this section on the two cases cited in the annotation to the final draft of 1865. From this legislative history, it is apparent that the statute was directed to the manner of transmission and not to the payment of something other than originally bargained for by the parties to the agreement." (See also *Liebman* v. *United States* (9th Cir. 1946) 153 F.2d 350, 353.)

While only one other case (*Imperial-Yuma etc. Credit Assn.* v. *Shields* (1948) 88 Cal.App.2d 328 [198 P.2d 951]) is cited under Civil Code section 1476, the general rule is as stated in the section. Thus, ██ ██ California Jurisprudence cites *Cober* and states: "Accordingly, if the creditor di-

---

Plaintiff agreed with this position in the trial court but argued orally before this court that the trial court erred in refusing to decide issues raised by the complaint.

However raised, the issue is clear if only because the parties stipulated that the dispute between them concerns one late payment of $174.46.

rects the debtor to send him the money by mail, the loss of the money in the mail is at the risk of the creditor. But in the absence of such a direction, the payment sent by mail or through a public carrier does not become operative until it gets into the hands of the creditor, and a mere general direction to remit money is not a consent to a remittance by mail at the creditor's risk." (48 Cal.Jur.3d, Payment, § 24, p. 774.)

Similarly, Corpus Juris Secundum states the general American rule as follows: "Payment is not effectuated by sending the amount due to the creditor by mail or other public carrier until the remittance gets into the hands of the creditor, unless he expressly or by implication directs or consents that payment be so made, or such mode of payment is according to the usual course of dealings between the parties, from which the creditor's assent can be inferred. [¶] If payment by mail is permitted, payment occurs by sending the remittance in the mail in a properly addressed letter with prepaid postage, even though the remittance is lost or delivery thereof delayed." (70 C.J.S., Payment, § 9, p. 15; see also Annot. (1919) 2 A.L.R. 1646; 60 Am.Jur.2d, Payment, § 27, pp. 896-897.)

As evidence that the bank directed him to make payment by mail, plaintiff points to the payment coupons and envelopes furnished by the bank. The loan payment coupon states "Detach and mail with payment" and "Mail this coupon with check payable to Bank of America." Plaintiff contends that the payment coupon is an express agreement by the bank to receive checks by mail. He also argues that there are factual issues as to whether the bank directed payment, and that these factual issues preclude summary judgment.

The bank argues that there is no factual dispute over the payment coupon, but only an issue as to the legal effect to be given to the statements on the coupon. Its supporting declaration alleged that: "Bank of America provides payment coupons and self-addressed envelopes to many of its customers who have outstanding loans. Bank of America provides these envelopes as a courtesy to the customer. Bank of America has never specified payment by mail as the only form of payment which would be accepted. Indeed, Bank of America accepts payments at a branch, through automatic withdrawal from a deposit account, wire transfers, and various other means of payment. Bank of America does not by words, actions, or implication tell a customer that the mere mailing of a check will constitute payment of the debt." The assertions that alternative methods of payment were available were not disputed by plaintiff in his declaration.

We agree with the trial court that the statements on the payment coupon do not legally amount to a direction to pay loan payments by mail. We

interpret those statements as instructions on the proper manner of using the payment by mail alternative. Nothing on the coupon prevents the debtor from making payment in person at a local branch of the bank, or from using the other available alternatives. Plaintiff contends that the word "direct" is not exclusive but refers to any of the methods of payment available to him. This argument is self-defeating because Civil Code section 1476 requires a direction to transmit payment in a certain manner. As plaintiff states: "[T]he only logical interpretation of Section 1476 is that it is applicable whenever a creditor designates *any* particular manner of payment, regardless of whether other means are available." Civil Code section 1476 is inapplicable without a specific direction to only pay by mail.

Even with such a direction, there would also have to be evidence that the bank also agreed to vary the normal rules discussed below by agreeing to accept an uncertified check as payment, whether it was honored or not. " '[S]ince a check of itself is not payment until cashed the party attempting to prove payment by mere delivery or acceptance must go further and in addition prove that such delivery and acceptance was in accordance with an agreement that it was to be accepted as payment.' " (*Hale* v. *Bohannon* (1952) 38 Cal.2d 458, 467 [241 P.2d 4], quoting *Mendiondo* v. *Greitman* (1949) 93 Cal.App.2d 765, 767 [209 P.2d 817].) There is no evidence of such an agreement here. We therefore find, as a matter of law, that the bank did not require payment by mail. Civil Code section 1476 is therefore inapplicable.

### CALIFORNIA UNIFORM COMMERCIAL CODE SECTION 3802

We also think that the plaintiff's argument must fail for a more fundamental reason. Well-settled law holds that the payment of a debt by an uncertified check is a conditional payment that depends upon the successful negotiation of the check by the creditor. Thus, California Uniform Commercial Code section 3802 states that, where an instrument is taken for an underlying obligation, "the obligation is suspended pro tanto until the instrument is due or if it is payable on demand until its presentment. If the instrument is dishonored action may be maintained on either the instrument or the obligation . . . ." The Uniform Commercial Code Official Comment to that section states: "It is commonly said that a check or other negotiable instrument is 'conditional payment.' By this it is normally meant that taking the instrument is a surrender of the right to sue on the obligation until the instrument is due, but if the instrument is not paid on due presentment the right to sue on the obligation is 'revived.' Subsection (1)(b) states this result in terms of suspension of the obligation . . . ."

Under these rules, the plaintiff would not have been discharged for this payment until the check had been paid by his bank. (*Canal-Randolph Ana-*

*heim, Inc.* v. *Wilkoski* (1978) 78 Cal.App.3d 477 [144 Cal.Rptr. 474].) " 'A check is never a payment of the debt for which it is given until the check itself is paid or otherwise discharged, unless expressly agreed to be taken in payment.' " (*Navrides* v. *Zurich Ins. Co.* (1971) 5 Cal.3d 698, 706 [97 Cal.Rptr. 309, 488 P.2d 637, 49 A.L.R.3d 828], quoting *Utah Const. Co.* v. *Western Pac. Ry. Co.* (1916) 174 Cal. 156, 166 [162 P. 631].) Thus, even if the check was received by defendant, and lost by it, payment would not have been made. (*United States* v. *Johnston* (D.C. Minn. 1955) 133 F. Supp. 633.) If the check was received by defendant and dishonored by plaintiff's bank, payment would still not have been made. While the parties may vary these rules by agreement, the payment coupon is not evidence of such an agreement here.

### DISPOSITION

The judgment is affirmed.

Dabney, J., and Timlin, J., concurred.

Appellant's petition for review by the Supreme Court was denied January 4, 1991. Lucas, C. J., and Panelli, J., did not participate therein.